# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS 78711


May 25, 1977

Honorable Bill White
Criminal District Attorney
San Antonio, Texas 78205

Opinion No. H-1000

Re: Application of Open
Meetings Act to commissioners
court sitting as a board of
equalization.

Dear Mr. White:

You inquire about the application of the Open Meetings
Act, article 6252-17, V.T.C.S., to the commissioners court.
You first ask whether the Act applies to the commissioners
court when it sits as a board of equalization to determine
the value of property for assessment of the ad valorem tax.

The Open Meetings Act expressly applies to the commissioners court. V.T.C.S. art. 6252-17; Fausett v. King, 470
S.W.2d 770 (Tex. Civ. App. -- El Paso 1971, no writ); Attorney
General Opinions H-785 (1976); H-188 (1973). Article 7206
directs the commissioners court to convene as a board of
equalization to inspect, equalize, and approve the tax assessment lists of the county. See Tex. Const. art. 8, § 18. When
the commissioners court acts as board of equalization of a
school district, it is subject to the Open Meetings Act.
Levisay v. Comanche Ind. Sch. Dist., 487 S.W.2d 140 (Tex. Civ.
App. -- Eastland 1972, writ ref'd n.r.e.). We believe it is
also subject to the Act when it convenes as board of equalization to consider property values for ad valorem taxes. We
note that the kind of information the board will consider has
been held to be public information. See Open Records Decision
Nos. 140 (1976) (information on the value of taxable property
in school districts); 112 (1975) (city tax department's appraisal cards); 76 (1975) (school district tax assessor-collector's rendition book); 39 (1974) (information on bank stock
holdings furnished tax assessor-collector). We answer your
first question in the affirmative.

You next ask whether the court must post notice for each
daily session, and what wording would adequately describe the

p. 4144

subject of the meeting. The Act requires the posting of "[w]ritten notice of the date, hour, place, and subject of each meeting held by a governmental body." Sec. 3A(a). We believe the statutory language "date" and "hour" means that the notice must specify each daily session. This is not to say that the board may not recess from day to day when it does not complete consideration of a particularly long subject so long as the action is in good faith and does not serve as an evasion of the Act.

We dealt with notice as to the subject matter of the meeting in Attorney General Opinion H-662 (1975). We said that "notice of a meeting of a governmental body [must] be sufficiently specific to apprise the public in general terms of each subject to be discussed. Each item of discussion should be listed. . . ." Id. at 3. Whether notice is sufficiently specific will depend on the facts of each case, but certainly an indication of the general purpose of the session, the protesting taxpayer's name and the type and location of the property should be sufficient in almost every instance. Furthermore, the Open Meetings Act does not repeal the article 7206, section 5 provision for written notice to owners whose property assessments the board wishes to raise, or the article 29e requirement of notice by publication before a public hearing on tax equalizations. The purpose of article 7206, section 5 is to give the property owner an opportunity to be heard, Victory v. State, 158 S.W.2d 760 (Tex. 1942), while the Open Meetings Act seeks only to inform the public in general terms of subjects to be discussed. Article 29e expressly states that the notice it describes is "[i]n addition to other required notice."

You finally ask whether the board of equalization may hear testimony in an open hearing, deliberate in executive session, then take official action setting the value of the real property in open session. The Act defines "meeting" as follows:

> "Meeting" means any deliberation between a quorum of members of a governmental body at which any public business or public policy over which the governmental body has supervision or control is discussed or considered, or at which any formal action is taken.

V.T.C.S. art. 6252-17, § 1(a). The deliberations you inquire about come within the definition of meeting and are

subject to the Open Meetings Act. See Corpus Christi Classroom Teachers Assoc. v. Corpus Christi Ind. Sch. Dist., 535 S.W.2d 429 (Tex. Civ. App. -- Corpus Christi 1976, no writ). Attorney General Opinion H-785 (1976). Although section 2 of the Act permits consideration of certain topics in executive session, the valuation of property for tax purposes is not such a topic. We answer your final question in the negative.

## S U M M A R Y

The Open Meetings Act applies to the commissioners court sitting as a board of equalization. The notice required by the Act should specify each daily session and should state the subject matter with sufficient specificity to apprise the public of the subjects to be discussed. The board may not deliberate property values for tax purposes in executive session.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml