Honorable Bill Turner District Attorney 300 E. 26th Street, Suite 310 Brazos County Courthouse Bryan, Texas 77803
Re: Whether a county may make a pay raise retroactive to time when funds were budgeted for pay raises. (RQ-1722)
Dear Mr. Turner:
You ask the following question:
 Are Brazos County department heads prohibited by Article 3, Section 53 of the Texas Constitution from distributing merit pay raises to county employees retroactively from January 1, 1989 to the present, where such merit pay raises were authorized by order of the Brazos County Commissioners' Court on September 29, 1988 for inclusion in the 1989 budget, but were not actually distributed previously due to reliance by such department heads on an erroneous directive from one of the County Commissioners?
You explain that in September 1988 the Brazos County Commissioners Court approved a budget that included a merit pay increase program under which a set number of county employees would receive a merit pay increase. The commissioners court voted to use the previous year's guidelines for granting merit raises. In December 1988 the county judge, acting on his own, distributed a memorandum stating that department heads would receive guidelines for distributing merit pay raises in January 1989. The department heads waited several months to receive guidelines, during which time they did not seek approval of merit pay increases for any individual. Eventually it became clear that the commissioners court had not issued guidelines because the guidelines had not changed from the previous year. Merit pay increases for certain employees were then approved from May 1, 1989, forward. See generally Local Gov't Code § 152.011
(commissioners court is to set compensation for employees paid wholly from county funds); Attorney General Opinion H-11 (1973) (concluding that salary for county employees — but not county officers — may be set at any time of year). You ask whether those pay increases may be made retroactive to the beginning of the budget year.
Article III, section 53, of the Texas Constitution prohibits a county from granting extra compensation to county employees after their services have been rendered. Fausett v. King,470 S.W.2d 770, 774 (Tex.Civ.App.-El Paso 1971, no writ). We think that prohibition applies in the circumstances you describe.
We understand from your brief that the commissioners did not approve raises for individual employees when they adopted the budget; they merely budgeted funds to be used for merit increases for a certain number of as yet unidentified employees. You suggest that Taxpayers' Ass'n v. Houston Indep. School Dist.,81 S.W.2d 815 (Tex.Civ.App.-Galveston 1935, writ dism'd), supports the proposition that the Brazos County merit raises may be made retroactive. In that case the court considered whether a school district could restore in part cuts it had made in teachers' salaries for previous years. In concluding that such restoration was permissible under article III, section 53, the court wrote:
 The partial restoration . . . did not constitute an increase in such original and prevailing salaries; hence were not in violation of [article III, section 35,] because such originally prevailing salary schedules and the contracts from which they proceeded had never been abrogated, but instead, due to the financial stringency that caused them, had merely been temporarily suspended as an emergency measure, upon the distinct and mutual understanding between all parties that such was the case and that they would be so restored if and when the cause of making them had been removed. . . .
Id. at 819.
We do not think the holding in the Houston Independent School District case is applicable in this instance. In that case salaries had been approved and were later cut. In this situation no merit raise for any individual employee was ever approved for the period before May 1, 1989.
Several prior opinions of this office support the conclusion that article III, section 53, prohibits retroactive raises in the circumstances you describe. In Attorney General Opinion 0-5104 (1943), this office held that the fact that a commissioners court could have allowed additional amounts of compensation in past years would not allow the court to pay such amounts retroactively. Several years later, this office held that where a commissioners court was authorized to increase an officer's compensation by $750 per year, it could only grant an increase in the current year in proportion to the number of months remaining in the year. Attorney General Opinion O-6736 (1946). Similarly, we think that the fact that the commissioners court budgeted funds for merit raises does not give the court authority to make individual raises retroactive to the date on which funds were available for merit raises. See generally Attorney General Opinion MW-68 (1979) (stating that school board could adopt policy of granting salary increases in future years, but policy would not bind board to actually make such increases).
 SUMMARY
Article III, section 53, of the Texas Constitution prohibits a county from making salary increases for county employees retroactive.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General