808 S.W.2d 514 (1991)
Bobbye J. FERRIS, Appellant,
v.
TEXAS BOARD OF CHIROPRACTIC EXAMINERS, V.C. Salyer, Dennis W. Teal, Edmund Lacy, David E. Albracht, James E. Franklin, Jay Perreten, Ben H. Proctor, Sterling H. Pruitt, Sr., and Raymond G. Wheless, in their Individual and Official Capacities, Appellees.
No. 3-90-090-CV.
Court of Appeals of Texas, Austin.
March 6, 1991.
Rehearing Overruled June 5, 1991.
*515 Banks Tarver, Richards, Wiseman & Durst, Austin, for appellant.
Jim Mattox, Atty. Gen., Matthew L. Trevena, Asst. Atty. Gen., Austin, for appellees.
Before POWERS, ABOUSSIE and KIDD, JJ.
KIDD, Justice.
Appellant Bobbye J. Ferris brought suit against appellees Texas Board of Chiropractic Examiners and its individual board members (hereinafter "the Board"), alleging that she was terminated from employment in violation of the Texas Open Meetings Act. Tex.Rev.Civ.Stat.Ann. art. 6252-17 (Supp. 1991) (hereinafter "the Act"). Ferris sought a declaratory judgment that, on two occasions, the Board violated the Act in terminating her and that these terminations were void. Ferris also sought an injunction requiring the Board to reinstate her and awarding her back pay for the time that elapsed between the Board's initial illegal attempts to terminate her and the date on which she was lawfully terminated.
Each party moved for summary judgment. The district court granted each motion in part and denied each motion in part, holding, inter alia, that the Board violated the Act and illegally attempted to terminate Ferris on two occasions, but denying her reinstatement and recovery of back pay because these remedies were not provided by the Act and were barred by the doctrine of sovereign immunity. Ferris appeals, arguing that the trial court erred in refusing to reinstate her and award her back pay. We agree, and will reverse in part the trial-court judgment and render judgment in favor of Ferris.

THE CONTROVERSY
The facts of this case are not in dispute. The Board is subject to the provisions of the Act. Tex.Rev.Civ.Stat.Ann. art. 4512b, § 4(b) (Supp. 1991). The Board hired Ferris to serve as its executive director in July, 1985. The Board attempted to terminate Ferris' employment on July 9, 1988; however, the Board admits that the meeting at which this attempted termination occurred did not comply with the requirements of the Act. Ferris obtained employment at another state agency while attempting to learn the reasons for her termination by the Board. On February 25, 1989, the Board again attempted to terminate Ferris' employment. Once again, however, the Board admits that this attempted termination occurred at a meeting convened in violation of the Act. The parties agree that Ferris was properly terminated at a lawfully convened meeting on December 1, 1989.
Ferris commenced this lawsuit on March 31, 1989, alleging that the Board violated the Act and illegally attempted to terminate her at improperly convened meetings in July of 1988 and February of 1989. Ferris' petition included other allegations which are not before this Court on appeal. On December 1, 1989, while disposition of this lawsuit was still pending, the Board properly convened a meeting at which Ferris was lawfully terminated. The Board then filed a motion for summary judgment in which it stipulated that the initial attempts to terminate Ferris were illegal and violated the Act, but argued that these violations were "cured" at the properly *516 convened meeting held on December 1, 1989. The Board argued that the Act does not provide the relief sought by Ferris. The Board also argued that Ferris' suit was a suit against the state for monetary damages, and was thus barred by the doctrine of sovereign immunity.
Ferris also filed a motion for summary judgment, alleging that there was no material issue of fact between the parties regarding the Board's violation of the Act. Ferris argued that, pursuant to the statutory provisions of the Act, the July 9, 1988 and February 25, 1989 terminations were void as a matter of law. See Tex.Rev.Civ. StatAnn. art. 6252-17, § 3(a) (Supp.1991). Therefore, Ferris asserted, she was entitled to appropriate injunctive relief voiding her termination, reinstating her to her former position from July 9, 1988 through December 1, 1989, and awarding her back pay for the same period of time. Ferris also argued that she was entitled to attorney's fees pursuant to Tex.Rev.Civ.Stat.Ann. art. 6252-17, § 3(b) (Supp.1991).
In a final judgment, the trial court declared that the Board violated the Act in its attempted terminations of Ferris on July 9, 1988 and February 25, 1989. However, the trial court also declared that the Board later "rectified" all acts undertaken in violation of the Act at its December 1, 1989 meeting. The trial court then denied all injunctive relief requested by Ferris, including her claim for reinstatement and back wages, "because such an award is not permitted under § 3 of the Texas Open Meetings Act and such an award is barred by the doctrine of sovereign immunity." However, because Ferris "substantially prevailed" in her suit against the Board, the trial court awarded her $17,221.40 in attorney's fees pursuant to § 3(b) of the Act.
Ferris appeals that portion of the summary judgment that denied her reinstatement as executive director of the Texas Board of Chiropractic Examiners and back pay for the period of time from July 9, 1988 through December 1, 1989.

DISCUSSION AND ANALYSIS
The narrow issue to be decided on this appeal is whether an employee of a governmental agency who is initially illegally terminated in violation of the Open Meetings Act, but who is later properly terminated in compliance with the Act, is entitled to injunctive relief allowing her reinstatement, back pay and benefits for the period of time between the illegal and legal terminations. We hold that, as a matter of law, an employee of a governmental agency who is terminated under these circumstances is entitled to such injunctive relief.
The legislature's purpose in passing the Act was to ensure that every regular, special, or called meeting or session of every governmental body, with certain limited exceptions, would be open to the public. Tex.Rev.Civ.Stat.Ann. art. 6252-17, § 2(a) (Supp.1991). As originally conceived, the Act was designed to ensure that "the public has the opportunity to be informed concerning the transactions of public business." 1967 Tex.Gen.Laws, ch. 271, § 7 at 598. The Act is therefore intended to safeguard the public's interest in knowing the workings of its governmental bodies. Cox Enterprises v. Bd. of Tr. of Austin I.S.D., 706 S.W.2d 956, 960 (Tex.1986). This Court has concluded that the language of the Act clearly reveals the legislature's intention to give it broad coverage. Sierra Club v. Austin Transp. Study Pol, 746 S.W.2d 298, 299 (Tex.App. 1988, writ denied).
The primary enforcement provision of the Act is § 3, which originally stated:
Any interested person may commence an action either by mandamus or injunction for the purpose of stopping or preventing violations or threatened violations of this Act by members of a governing body.
1967 Tex.Gen.Laws, ch. 271, § 3, at 597 [since amended]. As originally drafted, § 3 only allowed a plaintiff under the Act the remedy of stopping or preventing violations or threatened violations of the Act. The legal community immediately criticized the inefficacy of the legislation and its weak civil-enforcement provisions. See, e.g., Note, Open Meetings Act Has Potentially *517 Broad Coverage but Suffers from Inadequate Enforcement Provisions, 49 Texas L.Rev. 764 (1971). Thus, two decades ago, it was argued that "[invalidation of action taken at an illegally closed meeting is the most effective way to compel these open sessions and to deter local highhanded autocracy." Id. at 776.
The courts also recognized that the statutory enforcement provisions were inadequate and held that governmental actions taken in violation of the Act were voidable. See, e.g., Smith County v. Thornton, 726 S.W.2d 2, 3 (Tex. 1986); Lower Colorado River Auth. v. City of San Marcos, 523 S.W.2d 641 (Tex.1975); Toyah Ind. Sch. Dist. v. Pecos-Barstow Ind. Sch. Dist, 466 S.W.2d 377, 380 (Tex.Civ.App.1971, no writ). As the court in Toyah noted, the courts must be able to invalidate actions taken in violation of the Act in order to assure that the public has the opportunity to be informed concerning the transactions of public business. Toyah, 466 S.W.2d at 380.
In 1987, the legislature responded to these criticisms of the Act's enforcement provisions by amending § 3 of art. 6252-17 to include subsections (a) and (b).[1] Section 3(a), as amended, now states:
Any interested person, including bona fide members of the news media,[2] may commence an action either by mandamus or injunction for the purpose of stopping, preventing, or reversing violations or threatened violations of this Act by members of a governing body. An action taken by a governmental body in violation of this Act is voidable.

1987 Tex.Gen.Laws, ch. 549, § 4 at 2213 (emphasis in original). This amendment to § 3 was intended to codify the common law so as unequivocally to allow the courts to reverse violations or threatened violations of the Act and to declare these unlawful actions void. City of Fort Worth v. Groves, 746 S.W.2d 907, 914 (Tex.App. 1988, no writ). Section 3(a) now adequately responds to the earlier criticism that a governmental agency could violate the Act and later rectify its violation by conducting a "sham" proceeding in compliance with the Act, by specifically allowing the courts to declare the illegal action invalid and void. See Note, 49 Texas L.Rev. at 777.
The Board argues that Ferris' only remedy under the Act is the right to attend a properly convened meeting. Further, the Board would narrowly construe the Act's provisions, especially § 3(b), which allows a successful plaintiff under the Act to recover attorney's fees and costs of litigation, as the only monetary recovery permitted for a violation of the Act.
The 1987 amendment to § 3 and the common law which preceded the 1987 amendment lead us to conclude that the Act should not be so narrowly read. Since 1971, a number of courts have held governmental actions taken in violation of the Act to be invalid and void.[3] On several occasions *518 the courts have declared void the hiring of employees by governmental employers at meetings held in violation of the Act, the result being that these individuals were considered to have never been employed. See, e.g., Point Isabel Ind. School D. v. Hinojosa, 797 S.W.2d 176, 183 (Tex. App.1990, writ denied); Porth v. Morgan, 622 S.W.2d 470, 476 (Tex.App.1981, writ refd n.r.e.). We see no reason why the same rule should not apply to the attempted termination of an employee by a governmental agency in violation of the Act. See, e.g., James v. Hitchcock Independent School Dist., 742 S.W.2d 701, 707 (Tex.App. 1987, writ denied).
We hold that the Board's attempts to terminate Ferris on July 9, 1988 and on February 25, 1989, at meetings admittedly held in violation of the Act, were void as a matter of law. Under § 3(a), Ferris is entitled to have these unlawful actions reversed. Ferris therefore continued to be employed by the Board until the legal termination occurred on December 1, 1989.
The Board argues that the trial court properly held that the December 1, 1989 legal termination "rectified" the Board's prior illegal efforts to terminate Ferris. The Board therefore contends that its violations of the Act were "cured" seventeen months after the initial attempt to terminate Ferris. We disagree.
A governmental entity may ratify only what it could have lawfully authorized initially. Porth, 622 S.W.2d at 475-76. In Porth, a hospital authority board elected a director at a meeting held in violation of the Act. Ten days later, the hospital authority board attempted to elect the director as vice chairman of the board at a legally convened meeting. The court held that what the hospital authority board could not lawfully have done initially, it could not ratify later. Id. at 476. Similarly, the supreme court has held that a river authority's board of directors may not initially increase rates at an illegally convened meeting and then later ratify the rate increase effective as of the date of the illegally convened meeting. Lower Colorado Riv. Auth., 523 S.W.2d at 646-47. We therefore hold that the Board's attempt to ratify Ferris' termination on December 1, 1989 effective July 9, 1988, was ineffectual. Because the July 9, 1988 and February 25, 1989 meetings were void, and because these illegal actions could not later be ratified, we hold that Ferris was not terminated as executive director of the Board until December 1, 1989.
We further hold that the relief sought by Ferris is not barred by the doctrine of sovereign immunity. Sovereign immunity does not stand as a bar to a citizen's right to enforce contractual obligations entered into by the State or any of its agencies. Fristoe v. Blum, 92 Tex. 76, 45 S.W. 998, 999 (1898). When the State enters a contract with a citizen, the same law applies to the State as would govern the contracts of an individual under like conditions. Id. The parties do not dispute, on appeal, that Ferris was employed by the Board on an "at will" basis; that is to say, the employment contract continued between the parties at their mutual pleasure and either party could have put an end to it at any time without cause. Jennings v. Minco Technology Labs, Inc., 765 S.W.2d 497, 499 (Tex.App. 1989, writ denied). Until terminated, such a contract is valid and subsisting. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 689 (Tex.1989). However, even though Ferris' employment contract could be terminated by the Board at its pleasure, the Board could not take that or any other official action except in compliance with the provisions of the Act. See Tex.Rev.Civ.Stat.Ann. art. 4512b, § 4(b) (Supp.1991). Since we have held the Board's first two attempted terminations invalid and void, it follows that Ferris' employment contract continued in effect until *519 its legal termination on December 1, 1989. Thus, based on the foregoing authorities, we hold that sovereign immunity does not bar Ferris' right to sue and further hold that she has proven herself entitled to recover the relief requested.
The judgment of the trial court is affirmed in part and is reversed and rendered in part. We reverse the trial court's declaration that the Board retroactively rectified its earlier attempts to terminate Ferris, as well as the denial of any injunctive relief. We hold that, because Ferris lawfully continued in the Board's employ as its executive director until December 1, 1989, she is entitled to receive all benefits and emoluments flowing from her employment; therefore, the Board is enjoined from reflecting otherwise in her employment records; and further Ferris is entitled to receive the stipulated sum of $26,000 pay due her. The Board is further ordered to pay Ferris attorney's fees of $7,500.00 for prosecuting this appeal as set out in the trial-court judgment, along with costs of this appeal.
In all other respects, the judgment of the trial court is affirmed.
Reversed and Rendered in Part; Affirmed in Part.
NOTES
[1] Section 3(b) of the Act, which was added at the same time, allows the courts to assess costs of litigation and reasonable attorney's fees incurred by a plaintiff or defendant who "substantially prevails" in an action brought under § 3. 1987 Tex.Gen.Laws, ch. 549, § 4 at 2213. The trial court in this case found that Ferris substantially prevailed in her claim against the Board, and assessed costs and attorney's fees against the Board. The Board has not complained of this ruling on appeal.
[2] In 1979, § 3 was amended to include the phrase "including bona fide members of the news media." 1979 Tex.Gen.Laws, ch. 449, § 1 at 1015. This amendment is not relevant to this appeal.
[3] See Smith County v. Thornton, 726 S.W.2d 2, 3 (Tex.1986) (commissioner's court actions of closing county road and deeding it to adjacent business taken at illegally convened meeting declared void); Lower Colorado Riv. Auth. v. City of San Marcos, 523 S.W.2d 641, 646 (Tex. 1975) (river authority's attempt to increase electric power rates at illegally convened meeting held to be void); Point Isabel Ind. School D. v. Hinojosa, 797 S.W.2d 176, 183 (Tex.App. 1990, writ denied) (school board's hiring of principals at illegally convened meeting held to be void); City of Fort Worth v. Groves, 746 S.W.2d 907, 915 (Tex.App.1988, no writ) (commissioner's court action of formulating lease agreement at illegally convened meeting held to be void); James v. Hitchcock Independent School Dist., 742 S.W.2d 701, 707 (Tex.App.1987, writ denied) (school district's unilateral modification of employee's contract made at illegally convened meeting held to be void); City of Bells v. Greater Texoma Utility, 744 S.W.2d 636, 640 (Tex.App. 1987, no writ) (utility authority's action of authorizing institution of a lawsuit at illegally convened meeting held to be void); Porth v. Morgan, 622 S.W.2d 470, 476 (Tex.App. 1981, writ ref'd n.r.e.) (commissioner's court election of director of county hospital authority at illegally convened meeting held to be void); Toyah lnd. Sch. Dist. v. Pecos-Barstow Ind. Sch. Dist., 466 S.W.2d 377, 380 (Tex.Civ.App. 1971, no writ) (school district's annexation of another school district at illegally convened meeting held to be void).