cv4-461 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00461-CV







Joseph Piazza, Appellant



v.



The City of Granger, Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 93-248-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







 Following a bench trial in a suit for declaratory judgment and injunctive relief, the
trial court rendered a take-nothing judgment in favor of appellee the City of Granger, Texas (the
"City"). Appellant Joseph Piazza, the City's only police officer, appeals. Piazza's eight points
of error complain about the trial court's interpretation of the notice requirements for emergency
meetings as provided by the Texas Open Meetings Act, Act of May 1, 1969, 61st Leg., R.S., ch.
227, § 1, 1969 Tex. Gen. Laws 674, 674, amended by Act of May 31, 1987, 70th Leg., R.S.,
ch. 549, § 5, 1987 Tex. Gen. Laws 2211, 2213 (Tex. Gov't Code Ann. § 551.045, since
amended) (hereinafter "section 3A(h)"), and the requirements detailing the type of complaint
against a law enforcement officer that the head of a police department may consider. Act of May
16, 1969, 61st Leg., ch. 407, § 1, 1969 Tex. Gen. Laws 1333, 1333-34 (Tex. Gov't Code Ann.
§§ 614.021-.023, since amended) (hereinafter "former art. 6252-20"). We will reverse the trial
court's judgment and remand the cause to the trial court for rendition of judgment consistent with
our opinion.



BACKGROUND


 Piazza worked as the City's only police officer from March 14, 1990, until March
3, 1993. Sometime before March 3, 1993, the City Mayor instructed Piazza not to travel to
Taylor, Texas, to interview a suspect in a case involving the disappearance of some Christmas
ornaments from the City park. Nevertheless, Piazza went to Taylor and withdrew a student from
class to question her. The student's mother called a City councilman around March 1 or 2, 1993,
to explain to him that he would see her walking through the City Council session that evening
because she was meeting with Piazza to discuss why he had wanted to talk to her daughter. On
the morning of March 3, 1993, the councilman phoned the City Mayor to tell her that he had
learned Piazza had traveled to Taylor and had questioned a child at school.

 On March 3, 1993, at 9:25 a.m., the City Secretary posted a "NOTICE OF
SPECIAL (EMERGENCY) MEETING OF THE GOVERNING BODY OF THE [CITY OF]
GRANGER" (the "Notice"). The Notice indicated that "[t]he fact that the [City] council have a
lack of confidence in the officer [Piazza] . . . makes it an emergency or urgent public necessity
that said meeting be held." The meeting's subject, as stated in the notice, was to be the
consideration of a resolution to terminate Piazza pursuant to Local Government Code section
22.077(b) "on the Basis of the Council's Lack of [sic] Want of Confidence" in him. (1)

 The City Council convened the emergency meeting at 12:08 p.m. on March 3,
1993. The meeting adjourned four minutes later at 12:12 p.m. During the meeting, at which
Piazza, four of the five City councilmembers, the City Mayor, and the City Secretary were
present, the City Council decided by a vote of four to zero to terminate Piazza for lack of
confidence. The minutes of the emergency meeting do not reflect whether any discussion of the
motion to pass the resolution to terminate Piazza took place.

 The trial court, in its findings of fact and conclusions of law, found, among other
facts, that Piazza had disregarded the instructions of the City Council and the City Mayor; that
the City Council and City Mayor had a good faith belief that an emergency existed at the time the
emergency meeting was called; and that an emergency as contemplated by section 3A(h) existed
at the time the emergency meeting was called. (2) The court concluded as a matter of law that
because an emergency existed, the meeting did not require seventy-two hours' notice. The trial
court did not declare, as requested by Piazza, that the City's termination was invalid because the
City violated section 3A(h) or former art. 6252-20, and thus concluded that Piazza was not
entitled to injunctive relief. Piazza appeals from the trial court's take-nothing judgment.



DISCUSSION


 In a portion of his first point of error, Piazza challenges the trial court's Conclusion
of Law 2(b), which states: "Because of the fact that a bona-fide emergency existed, there was no
requirement pursuant to [section 3A(h)], Revised Civil Statutes, that 72 hours notice of the
meeting be given." Piazza complains that the trial court erroneously concluded the City was not
required to give seventy-two hours' notice of the meeting because the evidence established as a
matter of law that the City failed to comply with the notice provisions of section 3A(h). As a
preliminary matter, the City responds by arguing that on appeal, Piazza has raised for the first
time the issue that the Notice was defective and that he has therefore waived his first point of
error. We disagree. Piazza's live pleadings allege that the City violated section 3A(h) in the
following respects:



(1) The Agenda [Notice] . . . posted for the March 3, 1993 meeting was not
posted 72 hours in advance of the meeting wherein Plaintiff [Piazza] was
terminated.


(2) As a matter of law, a city council's lack of confidence in a city officer does
not constitute an emergency or matter of public necessity to allow less than
72 hours notice of such meeting.



While Piazza's pleadings do not expressly complain about defective notice, they nevertheless
attack the sufficiency of the Notice by suggesting that the notation "lack of confidence" does not
clearly identify the emergency or matter of public necessity required by section 3A(h) in order to
forgo seventy-two hours' notice. See § 3A(h). In addition, Piazza's counsel not only introduced
the Notice into evidence, but also argued the defectiveness-of-notice issue to the trial court, stating
at one point in closing argument, "I think that, clearly, Your Honor, it's established here that that
notice was bad and invalid." We conclude that Piazza presented the defectiveness-of-notice issue
to the trial court, and we therefore address the merits of the part of Piazza's first point of error
challenging Conclusion of Law 2(b).

 An appellate court reviews trial court conclusions of law de novo as legal questions. 
Kirkwood v. City of Corsicana, 871 S.W.2d 544, 546 (Tex. App.--Waco 1994, no writ). A
conclusion of law will not be reversed unless it is erroneous as a matter of law. Westech Eng'g,
Inc. v. Clearwater Constructors, Inc., 835 S.W.2d 190, 196 (Tex. App.--Austin 1992, no writ). 
Even an incorrect conclusion of law will not require a reversal if the controlling findings of fact
support a correct legal theory. Id.

 In the instant cause, Piazza argues that contrary to the trial court's conclusion of
law, the City should have given seventy-two hours' notice of the meeting. Piazza bases his
argument on his assertion that the Notice declaring the City Council's "lack of confidence" in him
did not comply with the emergency notice provisions of section 3A(h). Those notice provisions
require clear identification of the emergency; less than seventy-two hours' notice is acceptable
"[i]n case of emergency or urgent public necessity, which shall be clearly identified in the notice." 
§ 3A(h) (emphasis added). Cases of emergency have been limited by the legislature "to imminent
threats to public health and safety or reasonably unforeseeable situations requiring immediate
action by the governmental body." Id.

 The trial court's conclusion that seventy-two hours' notice of the City Council
meeting was not required by the notice provisions of section 3A(h) was based on the finding that
an emergency existed at the time the meeting was called. However, we conclude that the actual
existence of an emergency only secondarily affects the notice provisions of section 3A(h); even
if an emergency as designated by section 3A(h) exists, notice of an emergency meeting is
nevertheless defective if it fails to clearly identify the existing emergency. (3) The trial court reached
no conclusion regarding whether the Notice clearly identified the emergency it found existed. If
the Notice clearly identified the emergency giving rise to the emergency meeting, then the
seventy-two hour notice period, as concluded by the trial court, would not have been required. 
Id. We thus look to determine whether the Notice, through its notation "lack of confidence,"
clearly identified the emergency the trial court found to exist.

 Section 3A(h) offers guidelines indicating how an emergency is to be clearly
identified. Language providing that an authorized public official "shall post the notice taking at
face value the reason for the emergency as stated by the governmental body," Id. (emphasis
added), indicates to us that an emergency is clearly identified when the reason for the emergency
is stated in the notice. See Op. Tex. Att'y Gen. No. JM-1037 (1989) (advising that section 3A(h)
requires notice for emergency meetings to "state the reason for the emergency"). The requirement
that the reason for the emergency be stated contrasts with the emergency identification
requirements under the pre-1987 Open Meetings Act. See Act of May 27, 1975, 64th Leg., R.S.,
ch. 367, § 1, 1975 Tex. Gen. Laws 968, 968; (4) see also River Road Neighborhood Ass'n v. South
Tex. Sports, 720 S.W.2d 551, 554 (Tex. App.--San Antonio 1986, writ dism'd) (construing pre-1987 Open Meetings notice statute to require only statement that emergency existed, not statement
of nature of emergency); Creedmoor Maha Water Supply Corp. v. Barton Springs--Edwards
Aquifer Conservation Dist., 784 S.W.2d 79, 85 (Tex. App.--Austin 1989, writ denied) (noting that
pre-1987 version of section 3A(h) "was interpreted as requiring only a statement that an
emergency existed, as opposed to some description of the emergency or the facts giving rise to it")
(emphasis added). In addition, section 3A(h) implies that the reason for the emergency, in order
to clearly identify an emergency or urgent public necessity, must describe (1) an imminent threat
to public health and safety or (2) a reasonably unforeseeable situation requiring immediate action. 
See § 3A(h).

 The only emergency stated in the Notice is the fact that "the council have a lack
of confidence in [Piazza]." We conclude as a matter of law that the reason "lack of confidence"
in a police officer, without further detail, does not clearly identify an emergency or urgent public
necessity required by section 3A(h) to authorize less than seventy-two hours' notice of a meeting
held by the City Council. Without further description or explanation in the Notice, the words
"lack of confidence" fail to describe an unforeseeable situation requiring immediate action: the
development of a "lack of confidence" in a police officer by a governing body is a foreseeable
situation, so foreseeable, in fact, that the Local Government Code specifically provides that a
police officer may be terminated for that very reason. See Tex. Loc. Gov't Code Ann.
§ 22.077(b) (West 1988). Likewise, the Notice does not describe an imminent threat to public
health and safety; the phrase "lack of confidence" connotes the City's lack of trust, reliance, or
faith in Piazza, and while indicating that the City Council may fear that the public health and
safety may be threatened, the phrase does not indicate an imminent threat.

 The City, citing Creedmoor, 784 S.W.2d at 86, argues that the phrase "lack of
confidence" informs the reader of a specific reason for the proposed termination and that the
Notice leaves no doubt about what action the City intended to take. We agree. Nevertheless, the
portion of the Creedmoor opinion to which the City refers discusses the Open Meetings Act notice
requirements for the subject matter of proposed meetings. We are not persuaded that adequate
notice of the subject matter of the City Council meeting--consideration of a resolution to terminate
Piazza for lack of confidence--also clearly identifies an emergency as defined by the legislature in
section 3A(h).

 In its brief, the City endeavors to explain how it was possible for the trial court to
find that an emergency did in fact exist. We find it compelling that the City does not, in its
explanation, use the words "lack of confidence," the very words in the Notice that it must argue
clearly identify the emergency. Instead, the City states that "overwhelming evidence" establishes
that the Council decided that Piazza's acts constituted an emergency requiring immediate action
because the acts were clearly insubordinate and because "it was felt" that the acts could expose
the City to liability. The City also states that it was "concerned about issues of liability and
insubordination and determined that an emergency existed." Finally, the City indicates that
"police misconduct" in a small community can place public safety in jeopardy.

 The City obviously believes Piazza's insubordinate acts and their resulting exposure
of the City to liability enable the fact finder to find that an emergency existed. Yet, the City could
deal with its immediate concerns short of emergency termination, in a manner that also complies
with the Open Meetings Act. The Notice did not indicate that Piazza had acted inappropriately
or that the City had been exposed to liability. As a matter of law, the reason "lack of confidence"
in a police officer does not clearly identify a case of emergency or urgent public necessity as
limited by section 3A(h). Accordingly, the City did not comply with the notice provisions of
section 3A(h) authorizing a two-hour notice period and was required instead to post the Notice
at least seventy-two hours in advance of the City Council meeting. We sustain the portion of
Piazza's first point of error complaining that the trial court's Conclusion of Law 2(b) was
erroneous.

 The Texas Supreme Court has demanded exact and literal compliance with the
Open Meetings Act. Acker v. Texas Water Comm'n, 790 S.W.2d 299, 300 (Tex. 1990); Smith
County v. Thornton, 726 S.W.2d 2, 2 (Tex. 1986) (holding that section 3A(h) of Open Meetings
Act requires literal compliance). "There is either formal consideration of a matter in compliance
with the Open Meetings Act or an illegal meeting." Acker, 790 S.W.2d at 300. Actions taken
by a governmental body at a meeting convened in violation of the Open Meetings Act are
voidable. See, e.g., Smith County, 726 S.W.2d at 3; Lower Colo. River Auth. v. City of San
Marcos, 523 S.W.2d 641, 646 (Tex. 1975). Since we have concluded that a seventy-two hour
notice period was warranted in the instant cause, we also conclude that the City Council meeting
held after less than a three hour notice period was in violation of section 3A(h) of the Open
Meetings Act. Any action taken at that meeting is thus invalid. See id.; see also Ferris v. Texas
Bd. of Chiropractic Examiners, 808 S.W.2d 514, 518 (Tex. App.--Austin 1991, writ denied)
(holding governing body's attempts to terminate employee at meetings held in violation of Open
Meetings Act to be void as a matter of law). Consequently, the action taken to terminate Piazza
did not effectively do so.

 Piazza contends in his seventh and eighth points of error that the trial court erred
by failing to grant him injunctive relief and to award him his attorney's fees and costs. We have
previously held that an employee illegally terminated in violation of the Open Meetings Act is
entitled to injunctive relief in the form of reinstatement, back pay, and benefits for the period of
time between the illegal and legal terminations. See Ferris, 808 S.W.2d at 519. In this cause,
we have concluded that the action taken by the City Council to terminate Piazza was void because
the City Council meeting was held in violation of the Open Meetings Act. As such, we conclude
that Piazza is entitled to injunctive relief in the form of reinstatement, back-pay, and benefits for
the period of time following his illegal termination until reinstatement. See id. We also conclude
that Piazza is entitled to an award of his attorney's fees and costs as authorized by the Open
Meetings Act, Act of May 31, 1987, 70th Leg., R.S., ch. 549, § 4, 1987 Tex. Gen. Laws 2211,
2213 (Tex. Gov't Code Ann. § 551.142(b), since amended), and by the Uniform Declaratory
Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1986). (5) See also Ferris, 808
S.W.2d at 519 (awarding attorney's fees and costs to employee purportedly terminated at meetings
convened in violation of the Open Meetings Act). We sustain Piazza's seventh and eighth points
of error. In light of our disposition, we need not reach the remaining points of error.



CONCLUSION


 In Conclusion of Law 2(b), the trial court concluded that a seventy-two hour notice
period was not required before the City Council meeting convened. Because the Notice did not
clearly identify an existing emergency, section 3A(h) of the Open Meetings Act required seventy-two hours' notice of the meeting. The City Council meeting, held after less than three hours'
notice, thus violated the Open Meetings Act, and the action taken at that meeting to terminate
Piazza is void. Accordingly, we reverse the trial court's take-nothing judgment and remand the
cause to the trial court for rendition of judgment consistent with our opinion. 



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Reversed and Remanded

Filed: July 12, 1995

Publish

1.   Section 22.077(b) of the Local Government Code provides:


 If the governing body lacks confidence in a municipal officer elected by
the governing body, the governing body may remove the officer at any time. 
The removal is effective only if two-thirds of the elected aldermen vote in
favor of a resolution declaring the lack of confidence.


Tex. Loc. Gov't Code Ann. § 22.077(b) (West 1988).
2.   Section 3A(h) provides in part:


Notice of a meeting must be posted in a place readily accessible to the general
public at all times for at least 72 hours preceding the scheduled time of the
meeting . . . . In case of emergency or urgent public necessity, which shall be
clearly identified in the notice, it shall be sufficient if the notice is posted two
hours before the meeting is convened.


(Emphasis added.)
3.   Whether an emergency actually exists is a consideration bearing on the validity of
an emergency meeting more than the sufficiency of notice. Even if the meeting notice
clearly identifies an emergency, the actions taken at the emergency meeting will be void if
an emergency did not in fact exist. 
4.   The pre-1987 version of the statute provided: "In case of emergency or urgent
public necessity, which shall be expressed in the notice, it shall be sufficient if the notice is
posted two hours before the meeting is convened." Act of May 27, 1975, 64th Leg., R.S., ch.
367, § 1, 1975 Tex. Gen. Laws 968, 968 (emphasis added).
5.   The uncontroverted evidence at trial conclusively established Piazza's entitlement to
an attorney's fee award of $10,500 for trial and $7500 for the appeal to this Court.