**FORNEY MESSENGER, INC. and Cary L. Griffin, Individually, Plaintiffs,**

v.

**William TENNON, Individually, Kathy Bell, Individually, W.M. Reeder, Individually, William Tennon, Kathy Bell and W.M. Reeder, in their Official Capacities, and The City of Forney, Texas, Defendants.**

**Civil Action No. 3:94–CV–1796–P.**

United States District Court,
N.D. Texas,
Dallas Division.

April 14, 1997.

Henry John Ackels, Ackels & Ackels, Dallas, TX, Gregory A. Shumpert, Suzanne Stephenson Shumpert, Shumpert Law Offices, Terrell, TX, for plaintiffs.

Darrell Gerard–Marc Noga, Robert Marc Manley, Cooper Aldous & Scully, Dallas, TX, for William Tennon, Don Cates.

Lowell Frank Denton, Denton McKamie & Navarro, San Antonio, TX, Darrell Gerard-Marc Noga, Robert Marc Manley, Cooper

Aldous & Scully, Dallas, TX, for Kathy Bell, W.M. Reeder, City of Forney, TX.

Walter E. Parker, Sullivan Parker & Cook, Dallas, TX, pro se.

## MEMORANDUM OPINION AND ORDER

SOLIS, District Judge.

Now before the Court are:

1. The Individual Defendants' Motion for Summary Judgment as to Plaintiffs' Breach of the Open Meetings Cause of Action, filed September 26, 1996;

2. Plaintiffs' Response to the Individual Defendants' Motion for Summary Judgment as to the Open Meetings Cause of Action, filed November 12, 1996;

3. The Individual Defendants' Reply to Plaintiffs' Response to the Individual Defendants' Motion for Summary Judgment as to Plaintiffs' Breach of the Open Meetings Cause of Action, filed November 22, 1996.

William Tennon, Individually, Kathy Bell, Individually, and W.M. Reeder, Individually ("Defendants"), have filed this motion for summary judgment as to Plaintiffs' Texas Open Meetings Act cause of action pursuant to Rule 56 of the Federal Rules of Civil Procedure. In their motion, Defendants also seek the costs and attorney's fees that they have incurred in their defense of this cause of action pursuant to Section 551.142(b) of the Texas Open Meetings Act. *See* Tex. Gov't Code Ann. § 551.142(b) (Vernon 1994). The Court has thoroughly considered Defendants' present motion and, for the reasons discussed herein, concludes that said motion is well taken and should be granted. The Court has decided to reserve its decision, however, on Defendants' request for costs and attorney's fees.

## BACKGROUND

At the outset of this litigation, Forney Messenger, Inc. and Cary L. Griffin, Individually ("Plaintiffs"), brought various federal and state law tort and statutory claims against Defendants, three former members of the Forney City Counsel, in Defendants' individual and official capacities. However, pursuant to this Court's March 29, 1996, Order, all of Plaintiffs' causes of action against Defendants in their official capacities were dismissed; and all but one of Plaintiffs' causes of action against Defendants in their individual capacities were dismissed. Consequently, the only cause of action currently pending against Defendants is one against them in their individual capacities for an alleged breach of the Texas Open Meetings Act ("T.O.M.A." or "the Act").

Plaintiffs have alleged that when Defendants gained majority control over the Forney City Council ("the Council"), they began a series of questionable activities which negatively impacted the City of Forney ("the City") and its governmental structure. When these actions were criticized by Plaintiffs' newspaper, the *Forney Messenger* ("the *Messenger*"), Defendants allegedly reacted by withholding all City advertising and public notices from Plaintiffs' newspaper. Defendants allegedly conducted a sham bidding process and then voted, on August 2, 1994, to switch all City advertising to a different newspaper, the *Terrell Tribune* ("the *Tribune*"), allegedly in retaliation for Plaintiffs' critical articles and editorials. Plaintiffs also allege that Defendants violated T.O.M.A. during the course of these actions by meeting and planning their actions outside of formal Council meetings.

Defendants are no longer Council members, having been defeated in their bids for reelection after their terms expired. Furthermore, on December 19, 1995, the City redesignated the *Messenger* as its official newspaper. And, on January 2, 1996, the Council adopted an ordinance which requires the City to select an official newspaper in the second regular Council meeting in September of every year; this newspaper is designated the City's official newspaper for a term running from October 1 through September 30 of the next year. Recently, on September 17, 1996, the City once again selected the *Messenger* as its official newspaper. The *Messenger* is currently the City's official newspaper and has held this status since January of 1996.

## ANALYSIS

Defendants essentially make two arguments in support of their motion for summary judgment.[1] First, Defendants assert that T.O.M.A. "does not provide any cause of action or remedy which may be had against [them] in their individual capacities" because "it only provides for equitable relief which cannot now be had against or enforced by [Defendants]."[2] (Defs.' Mot. Summ. J. at 3.) That is, Defendants contend that because they are no longer Council members, they do not possess the power or authority with which to enforce any injunction which could issue from this court; hence, even if the Court were to void the actions complained of in this case, any remedial action taken by the City to enforce the Court's order could only be taken by the current Council. *See id.* at 4. Issuing an injunction against Defendants, in their status as former Council members, would be no different from issuing an injunction against any ordinary citizen of Forney who would not be empowered to enforce the injunction. *See id.* at 4–5.

Second, Defendants argue that the T.O.M.A. claim against them is moot for two reasons. One, Defendants no longer have the power or authority to either violate or comply with the Act; hence, any relief that this Court could grant (e.g., enjoining future violations of the Act) could not affect Defendants. *See id* at 7. Two, Defendants' alleged wrongful behavior has passed; that is, the *Messenger* has, once again, been designated as the City's official newspaper. *See id.* at 6.

In response, Plaintiffs argue that even though Defendants are no longer Council members, it does not follow that the T.O.M.A. cause of action asserted against them in their individual capacities should be

dismissed. According to Plaintiffs, Defendants should be enjoined from engaging in future T.O.M.A. violations since it is conceivable that Defendants could, once again, be elected to the Council. (*See* Pls.' Resp. at 5–6, 8.) Plaintiffs allege that at least one Defendant, William Tennon, intends to run for public office again. In support of their argument, Plaintiffs cite *Hitt v. Mabry,* 687 S.W.2d 791 (Tex.App.—San Antonio 1985, no writ), for the proposition that T.O.M.A. allows for "injunctive relief against individuals who are not currently existing members of governmental bodies in order to protect or prevent future violations of the Act." (Pls.' Resp. at 5–6.)

However, *Hitt v. Mabry* does not stand for the proposition that, under T. O.M.A., a Court can enjoin specific private citizens, who are not currently members of a governmental body, from engaging in future T.O.M.A. violations because these individuals might, in the future, become members of a governmental body. *See Hitt,* 687 S.W.2d at 794–95; Tex. Gov't Code Ann. § 551.142(a) (stating that an interested person may bring an action by injunction to prevent a threatened violation of the Act by *members of a governmental body).* *Hitt v. Mabry* merely stands for the proposition that, under T.O.M.A., a Court may enjoin a class of presently undetermined "future members" of a governmental body from engaging in violations that have already been perpetrated by present members, in order to prevent likely future violations. *See Hitt,* 687 S.W.2d at 795. In other words, this Court could, perhaps, enter in this instance a permanent injunction prohibiting future Council members from meeting and planning actions outside of formal Council meetings in violation of the Act. Contrary to Plaintiffs' assertions,

1. Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986); *Thomas v. Harris County,* 784 F.2d 648, 651 (5th Cir.1986).

2. The following provisions of T.O.M.A. provide the bases for Plaintiffs' present cause of action

and are thus relevant to this motion. Section 551.141 states that "[a]n action taken by a governmental body in violation of this chapter is voidable." Tex. Gov't Code Ann. § § 51.141. Section § 51.142(a) says that "[a]n interested person, including a member of the news media, may bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body." Tex. Gov't Code Ann. § 551.142(a).

however, *Hitt v. Mabry* does not suggest that this Court can issue an injunction prohibiting Defendants, a particular group of private citizens, from engaging in such conduct.

■ In addition, there is no basis for an order of injunctive relief against Defendants because there is no likelihood that Defendants will commit any T.O.M.A. violations in the future. That is, the possibility that Defendants will ever again be in a position to violate the Act is far too remote. *See Combined Am. Ins. Co. v. City of Hillsboro,* 421 S.W.2d 488, 489 (Tex.Civ.App.—Waco 1967, writ ref'd n.r.e.) ("Past acts will not afford a basis for injunctive relief absent a showing they will recur." (citing *Luccous v. J.C. Kinley Co.,* 376 S.W.2d 336, 341 (Tex.1964))); *Hitt,* 687 S.W.2d at 797 ("A permanent injunction based upon mere speculation that one act which has occurred in the past may possibly occur in the future would not be proper.").[3]

Next, Plaintiffs argue that their T.O.M.A. cause of action is not moot simply because Defendants are no longer Council members and the *Messenger* is once again the City's official newspaper. Plaintiffs currently seek to have the meeting in which Defendants voted, as Council members, to designate the *Tribune* as the City's official newspaper declared void for violation of the Act. (*See* Pls.' Resp. at 4.) Hence, Plaintiffs' T.O.M.A. cause of action is to reverse this previous wrongdoing which occurred when Defendants were in control of the City's government. Plaintiffs also seek injunctive relief in the form of reimbursement and restitution for lost revenues. *See id,* at 6.

In support of their argument that a T.O.M.A. violation is actionable even if the matter is later corrected or resolved, Plaintiffs cite *Ferris v. Texas Board of Chiropractic Examiners,* 808 S.W.2d 514 (Tex. App.—Austin 1991, writ denied). In *Ferris,* the court of appeals addressed the issue of "whether an employee of a governmental agency who is initially illegally terminated in violation of the Open Meetings Act, but who is later properly terminated in compliance with the Act, is entitled to injunctive relief allowing her reinstatement, back pay and benefits for the period of time between the illegal and legal terminations." *Id.* at 516. The court of appeals held that the agency's initial two attempts to terminate the employee, at meetings admittedly held in violation of the Act, were void as a matter of law and that the employee was entitled to have these unlawful actions reversed. *Id.* at 518. Accordingly, the employee continued to be employed by the agency until the legal termination occurred. The court of appeals further held that the agency's legal termination did not retroactively rectify the prior illegal efforts to terminate the employee; thus, the employee was "entitled to receive all benefits and emoluments flowing from her employment" up until the time that she was lawfully terminated. *Id.* at 519.

*Ferris* is instructive in this instance for two reasons. First, it tells this Court that even where actions are later taken to rectify an initial illegality, these actions do not retroactively ratify the prior illegal action. While *Ferris* is not directly on point,[4] the Court believes that the case suggests that Plaintiffs can still sue under T.O.M.A. to have the alleged unlawful designation of the *Tribune* as the City's official newspaper reversed even though the Council has since "corrected" Defendants' actions by restoring Plaintiffs' official newspaper status.

Second, *Ferris* makes clear that in reversing a T.O.M.A. violation, a court can award injunctive relief in the form of reinstatement, back pay, and benefits. *See also Piazza v. City of Granger,* 909 S.W.2d 529, 534–35 (Tex.App.—Austin 1995, no writ). In this instance, Defendants' actions, allegedly taken in violation of T.O.M.A., deprived Plaintiffs of their official newspaper status and, conse-

---

**3.** As a practical matter, Plaintiffs do not need to sue Defendants in their individual capacities in order to prevent Defendants from engaging in future T.O.M.A. violations; Plaintiffs need only request that the Court enjoin all future Council members from violating the Act.

**4.** Here, Defendants essentially argue that the Council's lawful restoration of Plaintiffs' official newspaper status cured the Council's prior unlawful deprivation of this status. In *Ferris,* the defendants sought to ratify an unlawful termination with a subsequent lawful termination.

quently, the City's advertising business for a period of nearly eighteen months. Accordingly, Plaintiffs may be entitled to have Defendants' actions voided and to receive injunctive relief in the form of reinstatement as the City's official newspaper and restitution and benefits running from the time that Plaintiffs were illegally deprived of their official newspaper status until the time that this status was restored.

■ In light of *Ferris,* the Court believes that Plaintiffs have stated a viable cause of action against the City under T.O.M.A. for reinstatement, back pay and benefits; however, the Court does not believe that Plaintiffs have stated a T.O.M.A. cause of action against Defendants in their individual capacities. It is evident from *Ferris,* that a party's ability to recover back pay and benefits upon the reversal of a violation stems from that party's right to recover under a contract. In *Ferris,* the court of appeals found that the employee was entitled to receive all benefits and emoluments flowing from her employment with the agency because her employment contract was actually in effect during the period in which she was illegally terminated. *See Ferris,* 808 S.W.2d at 518–19. Similarly, in this case, Plaintiffs may be entitled to receive the benefits and emoluments flowing from what appears to have been a requirement contract with the City; however, as Plaintiffs' contract was with the City and not Defendants, the Court does not see how Defendants can be held individually liable for damages which stem from the City's breach of the contract. Furthermore, Plaintiffs have not referred the Court to, and the Court's own independent research has not revealed, any cases that suggest that, under T.O.M.A., members of governmental bodies can be held liable in their individual capaci-

ties for monetary damages.[5] Also, the language of the T.O.M.A. provisions under which Plaintiffs have sued does not suggest that the members of governmental bodies are subject to monetary liability in their individual capacities.

For the foregoing reasons, the Court concludes that Defendants cannot be sued in their individual capacities for back pay and benefits. As Plaintiffs have not stated a claim under T.O.M.A. against Defendants in their individual capacities, Defendants' motion for summary judgment as to Plaintiffs' T.O.M.A. cause of action has merit and should be granted.

Finally, Defendants seek costs and attorney's fees pursuant to Section 551.142(b). *See* Tex. Gov't Code Ann. § 551.142(b). Under Section 551.142(b), the Court has discretion to award such costs and fees. Unfortunately, Plaintiffs have not responded to Defendants' request for costs and attorney's fees. The Court believes that it is best, in this instance, to wait until the entire case is resolved to decide this issue. At that time, the Court will have a better idea of whether Plaintiffs brought this action in good faith. *See id.* ("In exercising its discretion, the court shall consider whether the action was brought in good faith....."). Accordingly, the Court will reserve its decision on Defendants' request for costs and attorney's fees.

### CONCLUSION
For the foregoing reasons, Defendants' motion for summary judgment is, hereby, GRANTED. The Court has reserved its decision on Defendants' request for costs and attorney's fees.

**5.** The Court recognizes that in *Ferris* the employee had brought suit against the Texas Board of Chiropractic Examiners and its individual board members in their individual and official capacities. However, it is clear from the opinion in *Ferris* that the court of appeals only addressed whether the board members were liable in their official capacities. For example, the court of appeals engages in an extensive discussion of whether the employee's requested relief is barred by the doctrine of sovereign immunity without ever mentioning that sovereign immunity is not a

concern with regard to the employee's suit against Defendants in their individual capacities. *See Ferris,* 808 S.W.2d at 518–19. Also, the court of appeals grants the employee's requested relief because she is entitled to such relief under her employment contract with "the State." *See id.* The employee's right to recover is not linked to the individual board members' conduct. Accordingly, the Court believes that *Ferris* deals only with the board members' liability in their official capacities.