[No. 25457-7-III.    Division Three.    June 5, 2007.]

J. PAUL CHASE, *Respondent*, v. SPOKANE VALLEY FIRE DEPARTMENT, CIVIL SERVICE COMMISSION, *Appellant*.

*Michael J. McMahon* and *Susan W. Troppmann* (of *Etter, McMahon, Lamberson, Clary, Troppmann & Oreskovich, PC*), for appellant.

*Steven A. Crumb*, for respondent.

¶1 BROWN, J. — The Spokane Valley Fire Department (Department) appeals the trial court's reversal of its civil service commission's decision affirming the decision of the Board of Fire Commissioners (Board) to demote J. Paul Chase from fire marshall to deputy fire marshall. The Department contends the Board followed the civil service rules and argues the remedy for any rule violation under these facts is money damages, not reinstatement. We agree. While the Board did not exactly follow its rules, Mr. Chase received due process under the facts. Therefore, we reverse the trial court.

## FACTS

¶2 In May 1981, the Spokane Valley Fire Department hired Mr. Chase as a fire fighter. In March 1993, the Department promoted Mr. Chase to fire marshall.

¶3 On November 17, 2004, due to various deficiencies, the Board placed Mr. Chase on six months' probation under the threat of a proposed demotion. The Board directed a remediation plan for Mr. Chase. Assistant Chief David Lobdell supervised the plan. On May 11, 2005, Assistant Chief Lobdell drafted a letter to the Board reviewing Mr. Chase's progress and recommended the Board rescind the demotion. Chief Michael Thompson disagreed and provided other information persuading Assistant Chief Lobdell to alter his recommendation to demotion. Approximately one hour before the scheduled May 18, 2005 board meeting, Assistant Chief Lobdell informed Mr. Chase of the final recommendation to demote. At the meeting, after the Board reviewed Mr. Chase's continuing deficiencies and Chief Thompson's recommendation, the Board voted to proceed with Mr. Chase's demotion to deputy fire marshall.

¶4 Shortly before the May 18, 2005 board meeting, Chief Thompson asked Mr. Chase if he wanted to attend. Even though Mr. Chase normally attended the Board's open meetings, he responded, "I'll stay in my office, I'm going to ask for an appeal . . . , and if you want to talk to me afterward, come down, but I didn't want to go and make a speech that I would regret because I was basically blindsided by the thought I was going to be demoted." Clerk's Papers (CP) at 144.

¶5 In a May 20, 2005 letter, Assistant Chief Lobdell notified Mr. Chase that the Board had demoted him to deputy fire marshall, effective May 19, 2005. The letter stated, "the [Board of] Fire Commissioners determined . . . that you did not meet their expectations at the end of [y]our six month probation." CP at 211.

¶6 But it was not until June 14, 2005 that the Board (the appointing authority) gave written notice to Mr. Chase

of the Board's demotion decision, citing record keeping and leadership deficiencies in detail. The notice made the demotion effective June 14, 2005. Mr. Chase was paid at the lower rate beginning June 15, 2005. The June 14 letter from the Board's chair acknowledged Mr. Chase's earlier appeal from the May letter as sufficient notice of appeal for the current decision.

¶7 On June 28, 2005, the Civil Service Commission (Commission) for the Spokane Valley Fire District No. 1 held a hearing on Mr. Chase's appeal. The Commission unanimously upheld the Board's decision to demote Mr. Chase for "inefficiency, [and] lack of leadership and overall direction in the Fire Prevention Bureau." CP at 452.

¶8 Mr. Chase appealed to the superior court, challenging the Commission's finding that his demotion was warranted. He also argued the Board's procedures violated his due process rights.

¶9 In its memorandum decision, the superior court held the Commission's demotion decision was supported and warranted by the evidence. But the superior court decided the Board violated its own rules in demoting Mr. Chase, citing Civil Service Rules 07.01 and 07.04. Under rule 07.01, an employee may be demoted only by the appointing authority, in a writing which contains a "full . . . statement of the reasons" for demotion. CP at 456. The appointing authority for Mr. Chase was the Board, and the Board could delegate that authority only by written notification. CP at 456 (citing former Civil Service Rule 02.(3) (2004)). Rule 07.01 provides:

> An employee in the classified service may be suspended, demoted, or discharged for disciplinary purposes only by the Appointing Authority. A written Notice of Discipline, together with a full written statement of the reasons, shall be immediately filed with the Commission and a copy thereof served upon the employee. Employees have the right to appeal to the Commission in all matters of discipline set forth in the rule.

¶10 The superior court decided Assistant Chief Lobdell's May 20, 2005 notice of demotion violated rule 07.01 because

the Board, not the assistant chief, was the appointing authority. And, the Board had not delegated that authority to the assistant chief in writing. Moreover, the court concluded the May 20 letter did not contain a full written statement of the reasons for the demotion, as required by rule 07.01. A written statement of reasons was not provided to Mr. Chase until June 14, when the Board's chair informed Mr. Chase in writing that the Board had demoted him.

¶11 The superior court also found the Board violated rule 07.04 when it made the demotion effective immediately. Rule 07.04 provides:

> Appeals must be filed with the Commission no later than ten (10) calendar days after the date of the "Notice of Discipline." If no appeal is made within the ten (10) days, the disciplinary action will be carried out. If the Commission receives a Notice of Appeal, within the ten calendar (10) days, it shall, at the next regular meeting of the Commission, set a date for hearing. A notice of said hearing shall be sent to the employee and the Appointing Authority.

¶12 The superior court decided "Mr. Chase's rights were violated because the fire department was unable to properly demote Mr. Chase until ten (10) days after the Notice of Discipline. Mr. Chase's demotion was in violation of section 07.04 of the local rules." CP at 459.

¶13 The court concluded the rule violations denied Mr. Chase his right to due process. The court reversed the Commission's ruling. The Department appeals.

## STANDARD OF REVIEW

¶14 We review the same record considered by the trial court and exercise independent judgment to determine whether the Commission acted contrary to law. *Greig v. Metzler*, 33 Wn. App. 223, 226, 653 P.2d 1346 (1982). The superior court has inherent authority to review administrative decisions "to determine whether the decision or act complained of was or involved arbitrary and capricious or

illegal actions." *Bridle Trails Cmty. Club v. City of Bellevue*, 45 Wn. App. 248, 252, 724 P.2d 1110 (1986). An agency's violation of rules that govern its exercise of discretion is considered contrary to law. *Pierce County Sheriff v. Civil Service Comm'n for Sheriff's Employees*, 98 Wn.2d 690, 693, 658 P.2d 648 (1983).

## ANALYSIS

### A. Ten-Day Procedural Question

¶15 The first preliminary issue is whether Mr. Chase properly raised the 10-day procedural violation at the hearing before the Commission.

¶16 Mr. Chase's counsel stated to the Commission:

Now the [board of] fire commissioners [is] the appointing authority. They didn't contact Mr. Chase, they didn't send him a letter. The rules say that only they can demote. . . . There was a letter from Assistant Chief Lobdell saying oh, by the way the fire commissioners have demoted you. There is no authority in the statute that allows for that.

. . . .

. . . As part of reviewing this, because of the nature of Fire Marshall Chase's position, he is a code enforcer and there are certain rules and regulations under title 29 that are different than the Civil Service statute. And as you had an opportunity to talk with your counsel, it is our position that the [board of] fire commissioners had no authority to demote, that demotion follows the opportunity to be heard, that it is fairly clear from the statute and the . . . International Fire Code, and any hearing that Mr. Chase is brought into, under the law, he would come as the fire marshall, after being served notice of some type of proposed discipline have an opportunity to be heard, and then there would be a decision rendered that then would be appealable.

CP at 15-16.

¶17 Clearly, counsel's argument to the Commission raised the issue of the Board's lack of compliance with the rules. Accordingly, review is proper.

## B. Civil Service Rules

¶18 The second preliminary issue is whether the May 20 and June 14 notices of discipline violated the appointing authority and specificity requirements of Civil Service Rule 07.01, and whether the notices also violated the rule 07.04 requirement permitting 10 days to appeal a demotion decision.

¶19 The June 14 notice of discipline cured any rule 07.01 violations in the May 20 notice. Since Mr. Chase was paid at the higher rate up to the June 14 notice, the May 20 violations did not prejudice him. But the Board's June 14 notice violated rule 07.04, which requires the Board to wait 10 days before putting its decision into effect. The "ten (10) days" referred to in rule 07.04 clearly refers to the time period for appeal to the Commission, and that time period did not commence until the Board gave satisfactory notice of its decision to demote on June 14.

## C. Due Process and Remedy

¶20 The dispositive issue is whether the rule 07.04 violation violated Mr. Chase's due process rights. If it did, the remedy would be his reinstatement as fire marshall. The Commission contends the remedy for the premature demotion of Mr. Chase is not reinstatement but a damages award in an amount equal to the pay differential during the time between Mr. Chase's demotion, when his pay was prematurely reduced, and the expiration of the 10-day period permitted for him to appeal. At oral argument here, the parties advised us that the Board had already paid this sum to Mr. Chase.

¶21 In *Danielson v. City of Seattle*, 108 Wn.2d 788, 797 n.3, 742 P.2d 717 (1987), the court held "an agency's failure to follow its own rules does not per se violate procedural due process, but does so only when the agency's rules represent minimal due process requirements." The *Danielson* court cited *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494

(1985) for the proposition that a court must balance the competing interests at stake in determining the form of the pretermination hearing necessary for due process purposes.

¶22 "In public employment cases the competing considerations are: (1) the employee's interests in retaining employment; (2) the government's interest in expeditious removal of unsatisfactory employees; and (3) the risk of erroneous termination." *Danielson*, 108 Wn.2d at 798 (citing *Loudermill*, 470 U.S. at 542-43). "In public employee cases, the pretermination hearing need not definitively resolve the propriety of the discharge, but should serve as an initial check against mistaken decisions—to determine whether there are reasonable grounds to believe the charges against the employee are true and support the proposed action." *Id.* (citing *Loudermill*, 470 U.S. at 545-46). "The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* (citing *Loudermill*, 470 U.S. at 546).

¶23 Here, Mr. Chase had a significant interest in retaining his position and the Board had a similar interest in promptly demoting him because he was not getting his job done. The determinative factor is the risk of error inherent in the Board's demotion procedures. We conclude the procedures satisfied Mr. Chase's pretermination due process rights. Six months before the Board demoted Mr. Chase, it met with him and put into effect a remediation program to help him improve his deficiencies during a probationary period. The fire department chief and assistant chief notified Mr. Chase shortly before the May board meeting that his demotion was to be discussed, and Mr. Chase chose not to attend. Thus, Mr. Chase had notice and an opportunity to respond.

¶24 Moreover, the full posttermination hearing before the Commission provided an adequate safeguard against erroneous Board action. This situation is different from *Ferris v. Texas Board of Chiropractic Examiners*, 808 S.W.2d 514 (Tex. App. 1991), a case relied on by Mr. Chase.

There, the board twice attempted to terminate the plaintiff, the board's executive director. Both times, the board's actions violated the Texas Open Meetings Act, former TEX. REV. CIV. STAT. ANN. art. 6252-17 (Vernon Supp. 1991). *Id.* at 515. Finally, the board accomplished its goal at a properly convened meeting. *Id.* The issue on appeal was whether the plaintiff should be reinstated with back pay for the time between the first and the third meetings. *Id.* at 516. Reinstatement was ordered based upon statutory language not present in Mr. Chase's case. ·

¶25 Given all, we conclude the Board's pretermination procedures satisfied Mr. Chase's due process rights to notice and an opportunity to be heard. Therefore, we reverse the superior court's decision that reversed the Commission. Mr. Chase is not entitled to reinstatement. His remedy for the Board's violation of the civil service rules is money damages. As noted above, the Board and Mr. Chase have settled the damages.

¶26 Reversed.

SWEENEY, C.J., and KULIK, J., concur.