W. L. FAUSETT et al., Appellants,

v.

E. A. KING et al., Appellees.

No. 6125.

Court of Civil Appeals of Texas, El Paso.

July 14, 1971.

Rehearing Denied Sept. 22, 1971.

A. R. Archer, Jr., Monahans, for appellants.

T. H. Neel, Monahans, Kerr, Fitz-Gerald & Kerr, William L. Kerr, Midland, for appellees.

## OPINION

WARD, Justice.

This is an appeal from that part of an order of the District Court of Ward County refusing the Appellant W. L. Fausett and others a temporary injunction against the County Judge, the County Commissioners, the County Auditor, the County Clerk, and the County Treasurer, all being officials of Ward County. By two separate but consolidated actions, the Appellants appear as voting residents and tax-paying citizens to restrain certain claimed illegal expenditures of tax monies by the County Commissioners and the other officials of the County. A portion of the grievances set forth in the first action are similar to those complained of by the County Attorney in the case of County of Ward v. King, 454 S.W.2d 239, writ dismissed, and decided by this Court and to which reference is made. The Appellants' first five points complain of the action of the County Commissioners' Court of Ward County in authorizing the participation by Ward County as a member in the Texas County and District Retirement System Act, Vernon's Ann.Civ.Statutes, Art. 6228(g).

On September 22, 1969, the Commissioners Court of Ward County first voted for the County to participate in the Retirement System Act. The evidence shows that no notice of the subject matter of this meeting was given as contemplated by Article 6252–17, V.A.C.S. Thereafterward, the members of the Commissioners' Court having realized that a serious question as to the validity of the action had been raised, undertook to present the matter again. A notice of meeting of the Commissioners' Court was posted and as pertinent to this appeal, provided as follows:

"The Commissioners' Court will meet in special session On Monday, January 5, 1970, at 2:00 P.M. in the Commissioners' Courtroom in the Courthouse of Ward County, Monahans, Texas, with the following business:

1. To ratify minutes of the Commissioners' Court of September 22, 1969, concerning retirement."

This notice was posted at the Courthouse, but there is no testimony in the record as far as we have been able to ascertain as to the date of its posting.

On the morning prior to this announced meeting of January 5, 1970, and in the County Judges's office, an executive meeting was held at which only the members of the Commissioners' Court were present and the public was apparently excluded. At the meeting, a discussion was held concerning the hiring of the attorneys to represent the Defendants in the case of County of Ward v. King, supra. While the evidence is in conflict, a majority of those present, including the County Commissioner, who testified on behalf of the Appellants, deny that there was any discussion held in the executive session concerning the participation of the County in the retirement system. At the announced session in the afternoon, County Commissioner Collins produced a motion which he had typed out the day before concerning the retirement, and the minutes of the Commissioners' Court as they relate to the retirement matter reflecting the following:

"Motion made by Commissioner Collins, seconded by Commissioner Boroughs, that the following be approved:

It has been brought to my attention individually, and to the attention of the entire Commissioners' Court by virtue of a recent suit filed against us as members of the Ward County Commissioners' Court, that perhaps our actions on September 22, 1969, in adopting the Texas County and District Retirement System Act, Article 6228(g), as amended, Texas Stat-

utes, alleges it may be voidable. I hereby move and place in motion that we of Ward County become a member of said Texas County and District Retirement System commencing January 1, 1970. That each officer and employee of Ward County, Texas, contribute monthly 5% of his salary in accordance with the rules and regulations of said Texas County and District Retirement System. Commissioners' Collins, Boroughs, and Price voting 'Aye'. Commissioner Bently voting 'No'. Motion carried."

■ This appeal being from the judgment of the trial Court refusing a temporary injunction, we need only to determine whether the trial Court abused its discretion. Unless he abused his discretion, we cannot disturb his judgment. Norwood v. Taylor County, 93 S.W.2d 573 (Tex.Civ. App. Eastland, 1936, error dism.)

■ Open meetings were held on September 22, 1969, and on January 5, 1970, at 2:00 P.M. Therefore, we do not have before us, any exclusion of the public at any regular or special meeting of the Commissioners' Court concerning the action of the Court in authorizing the participation of the County in the retirement system. This was recently before the San Antonio Court in the well reasoned case of Toyah Independent School District v. Pecos-Barstow Independent School District, Tex.Civ.App., 466 S.W.2d 377. See discussion 49 Tex. Law Rev. 764. The Appellants do attempt to reach the same matter by their complaint that after all, the retirement program had already been discussed and decided on at the closed executive meeting held on the morning of January 5, 1970, and the formal meeting at 2:00 P.M. that day was a mere perfunctory rerun of what had already transpired. The points in this regard are overruled as by far the greater weight of the testimony is to the effect that no discussion on the matter occurred and that no action, tentative or otherwise, was attempted prior to the open public meeting at 2:00 P.M. The facts are en-

tirely different from the Appellants' cited case of Scott v. Bloomfield, 94 N.J.Super. 592, 229 A.2d 667 (1967), as the executive session to consider the hiring of attorneys was within the exclusions of Sec. 2 of Art. 6252–17, Vernon's Annotated Civil Statutes. The trial Court was amply justified in finding that there had been no previous discussion or agreement made by the Commissioners' Court as to retirement at the executive session.

■ Complaint that the notice of the January 5, 1970, meeting was not posted for three days prior thereto as directed by Section 3A(f) of the Open Meeting Law is not supported by the evidence. We find no testimony in the record as to the date the notice was posted, though it was actually posted. In a temporary injunction proceeding, the burden was on the Appellant to show the inadequacy as to the time of posting. We will not presume that a County Official did not perform his duty or acted illegally in this regard and the presumption is to the contrary. Bolin v. Brazoria County, 381 S.W.2d 206 (Tex. Civ.App. Houston, 1964). 47 Tex.Jur.2d 153, Public Officers, Sec. 118.

■ Finally, Appellants urge that since the act of the Commissioners' Court of September 22, 1969, was void because there was no notice posted, there could be no ratification of a void act at a subsequent meeting held for such a purpose. We hold to the contrary as generally, a municipal body may effectively ratify what it could theretofore have lawfully authorized in the first place if the action was of a nature within the power of the governmental body to have made in the first place. Irregular acts may be ratified at a subsequent meeting and ratification after the act is said to be as potent as authority before the act. Stirman v. City of Tyler, 443 S.W.2d 354 (Tex.Civ.App. Tyler, 1969, writ ref'd. n. r. e.); McQuillan, Municipal Corporation, 1948, Revised, Vol. 4, Sect. 13.47.

We believe the trial Court was within his discretion in its general finding that

the order of January 5, 1970, adopting the retirement system was valid and that Article 6252–17 had been substantially complied with. All of the Appellants' points in this regard are overruled.

Certain other complaints are more serious. On August 25, 1969, the Commissioners' Court adopted the Ward County Budget for the year 1970, and in it, most County officials and employees were granted a 5% salary increase over the salary schedule in effect for 1969. The first regular meeting of the Commissioners' Court of Ward County for the year 1970, was held on Monday, January 12, 1970. At this meeting, all elected officials and most of the employees of the County had their salaries increased by at least 10% over the salary schedule for 1969. The salaries for the County Commissioners will be discussed more fully later. Some question then arose concerning the validity of the raises as no notices had been published in a newspaper in Ward County as required by Section 18, Article 3883i, Vernon's Ann.Civ.Statutes which provides that for the officials named in the act that:

" * * * no increased compensation shall be authorized pursuant thereto until and unless a public hearing shall be had by the Commissioners' Court at a regular meeting of such Court, upon the question of any proposed increase, following publication of notice of such public hearing at least two (2) times, one (1) time a week, in a newspaper of general circulation in such county, prior to such public hearing."

The required notices of this mandatory statute were then published and the salary schedule for 1970, as adopted in the January 12th order of the Commissioners' Court, was readopted and again ordered by the Commissioners' Court on February 9, 1970, and this order made the salary increase retroactive for January. Until this was done, the salary increases had not been paid and after this order, the salary increases for the officers and employees for January were paid by separate checks amounting to a total of some $2,840.00. Insofar as the officials named in Article 3883i are concerned, the retroactive feature would be in conflict with Article 3, Section 53, of the Constitution of Texas, Vernon's Ann.St., which in effect provides it is illegal for any Commissioners' Court to grant any extra compensation, fee or allowance to any public officer, agent, servant, or contractor after the service has been rendered or the contract has been entered into and performed in whole or in part. Pierson v. Galveston County, 131 S.W.2d 27 (Tex.Civ.App. Austin, 1939). Since the attempted raise by the salary schedule of January 12th was invalid as to the effected officers as there had been no publication, thus Appellants urge that the retroactive pay raise for January was likewise invalid.

Again the raise in salaries of approximately 10% over the salary schedule for 1969 attempted by the January 12th order and readopted and again ordered by the February 9th order were in effect amendments to the 1970 budget which as we have seen, was adopted on August 25, 1969, and which provided for only a 5% salary increase. As these expenditures were not made in accordance with the adopted budget, the Appellant urges that the trial Court should have granted the temporary injunction. In neither order in January or February, is a finding made as to the existence of emergency or state of facts which would authorize a budget amendment. Article 689a–11; Bexar County v. Hatley, 136 Tex. 354, 150 S.W.2d 980 (1941); Guerra v. McClellan, 243 S.W.2d 715 (Tex.Civ.App. San Antonio (1951) (Mand. Overr.)

For a number of years Ward County had furnished County owned and maintained pickups to some of the County Commissioners for their duties and all Commissioners had been drawing the sum of $75.-00 as car expense, Ward County being covered population wise by Section 1 of Article 2350o, V.A.C.S. Questions were raised as to the legality of the County furnishing

both a pickup and the car expense as Section 6 of Article 2350o provides that the "provisions of this bill shall apply only to those counties not furnishing an automobile, truck, or by other means providing for the traveling expenses of its commissioners, while on official business within the county." When the salary schedule for 1970 was adopted, the $75.00 car expense was deleted from the budget as to each Commissioner. Each Commissioner in 1969 had received the car expense or allowance and a salary of $522.50 a month. With the deletion of the $75.00 car allowance, each Commissioner's salary for the year 1970 was raised to $650.00 a month. As stated, all other officials were raised only 10%. By their action, the County Commissioners of Ward County for the year 1970 thus found themselves in conflict with the express and mandatory provisions of Section 7 of Article 3883i covering Ward County and which provides as follows:

"In setting the compensation of the officials governed by Sections 1, 2, 3, 4, 5, and 6 of this Act, the County Commissioners shall not fix their own salaries at any higher rate by percentage than the highest percentage raise fixed for any other official or officials prescribed for the officials of their respective counties by this Act."

Again, the Appellant urges that the trial Court should have granted the temporary injunction enjoining payment by Ward County of at least the excessive portion of the salary raises to the County Commissioners.

As to these contentions urged by the Appellants concerning the 1970 budget, we would be inclined to agree but for the fact that 1970 budget has now served its purpose. All payments under that budget have already been made. The question of mootness is thus directly presented to us as when the money had already been spent, the taxpayer is without his injunctive remedy and the action for the recovery of the money belongs to the County alone and cannot be maintained by the private citizen. Scott v. Graham, 156 Tex. 97, 292 S. W.2d 324 (1956). We cannot directly pass upon these matters that are of general interest to the public as apparently our Supreme Court has not relaxed its rule of mootness as has been done in a majority of jurisdictions. Poole v. Giles, 151 Tex. 224, 248 S.W.2d 464 (1952); Swank v. Sharp, 358 S.W.2d 950 (Tex.Civ.App. Dallas, 1962;) Annotation at 132 A.L.R. 1185.

The judgment of the trial Court as it relates to the retirement system is in all things affirmed. The orders of the trial Court in so far as it relates to the matter of a temporary injunction concerning the other budget matters above referred to are dismissed, without prejudice. The parties and the District Court are at liberty to proceed with the trial of the main case out of which the application for a temporary injunction grew.

RAMSEY, C. J., not participating.