Bill Edward **MAYES, Jr.,** Appellant

v.

**CITY OF DE LEON,** Texas, Appellee.

No. 11–95–290–CV.

Court of Appeals of Texas, Eastland.

Feb. 1, 1996.

Order Overruling Rehearing April 11, 1996.

R. John Cullar, Mills, Millar, Matkin, & Cullar, Waco, for appellant.

Barney L. Knight, Austin, for appellee.

Before ARNOT, C.J., and WRIGHT and HILL [†], JJ.

## OPINION

HILL, Justice.

This is an appeal from a summary judgment. We reverse the judgment of the trial court and render in part and remand in part.

Bill Edward Mayes, Jr. was employed by the City of De Leon as its chief of police. On January 20, 1994, the De Leon City Council met. After the council went into executive session, the council reconvened in open session and voted to terminate Mayes' employment. Mayes then sued the City seeking a declaratory judgment that the City violated the Texas Open Meetings Act [1] on January 20 because the City did not give adequate notice to the public. Mayes also sought a permanent injunction reinstating him as chief of police and sued for back-pay.

The City moved for summary judgment on the grounds that Mayes' action was barred by the City's charter, that there was no violation of the Open Meetings Act, and that Mayes' termination had been ratified twice. Mayes filed a motion for partial summary judgment on his declaratory judgment action contending that, as a matter of law, the City violated the notice requirements of the Open Meetings Act. The trial court granted the City's motion, denied Mayes' motion, and held that Mayes take nothing.

In two points of error, Mayes asserts that the trial court erred in granting the City's motion for summary judgment and in denying his motion for partial summary judgment on his declaratory judgment. In order to determine if the trial court erred in granting the motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the non-movant, indulging all reasonable inferences in his favor. We must determine whether the movant proved that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). In order to be entitled to summary judgment, the City must have either disproved an element of the cause of action or established an affirmative defense as a matter of law. See *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Way v. Boy Scouts of America*, 856 S.W.2d 230, 233 (Tex.App.—Dallas 1993, writ den'd).

The City first argues that it disproved an element of Mayes' cause of action by establishing that the notice of its January 20 executive session was adequate to meet the requirements of the Open Meetings Act and that the office of its chief of police is not a matter of special public interest. The City asserts that it had only thirteen full-time employees, that the police chief supervised only two employees, that the police depart-

---

[†] John Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.

1. Tex.Gov't Code Ann. § 551.001 et seq. (Vernon 1994).

ment's budget was lower than that of the street department and the water and wastewater department, and that the chief of police in many cities is hired and fired by the city manager rather than the city council.

The summary judgment evidence shows that the agenda for the meeting of the De Leon City Council which was scheduled for January 20 contained an item indicating that the council would convene in executive session "to consider the employment and evaluation of city personnel." After the executive session on that date, the city council voted in open session to terminate Mayes as police chief.

■ Section 551.041 provides that a governmental body shall give written notice of the date, hour, place, and subject of each meeting held by it. The notice must provide full and adequate notice of the subject matter, particularly where the subject is of special interest to the public. *City of San Antonio v. Fourth Court of Appeals,* 820 S.W.2d 762, 765–766 (Tex.1991); *Cox Enterprises, Inc. v. Board of Trustees of Austin Independent School District,* 706 S.W.2d 956, 959 (Tex.1986). In *Cox,* the court concluded that, where a personnel decision is one of special interest to the public and cannot be categorized as an ordinary personnel matter, a label like "personnel" fails as a description of that subject and does not constitute substantial compliance with the notice requirements of the Open Meetings Act. The *Cox* court held that the selection of a school superintendent was not an ordinary personnel matter.

The City relies primarily on the following cases: *City of San Antonio v. Fourth Court of Appeals, supra,* which held that notice of a condemnation ordinance relating to four county blocks was sufficient even though an individual property owner within those four blocks could not definitely determine whether his property was included; *Rettberg v. Texas Department of Health,* 873 S.W.2d 408 (Tex.App.—Austin 1994, no writ), which concluded that the termination of the executive secretary of the State Board of Examiners was not a matter in which the public had a significant degree of special interest; and *Point Isabel Independent School District v. Hinojosa,* 797 S.W.2d 176 (Tex.App.—Corpus Christi 1990, writ den'd), which held that a "personnel" notice was insufficient with respect to the hiring of high school and elementary school principals but sufficient as to a librarian, a teacher, a band director, and a part-time counselor. These cases are factually distinguishable.

■ The public has a special interest in matters relating to the employment of its police chief because of the duties related to the office of chief of police, of the importance of those duties to the citizens, and of the broad contact with the public that those duties involve regardless of the size of the City's workforce or the size of the police department budget. We hold that the termination of a city's police chief is a matter of special interest to the public that does not fall into the category of ordinary personnel matters. Therefore, the City's January 20 agenda relating to "personnel" was not sufficient to meet the "subject" requirements of Section 551.041 of the Open Meetings Act.

■ Next, the City asserts that, even if it did not comply with the notice requirements, any defect was cured when the City subsequently ratified its January 20 action. Originally, the City contended that it ratified Mayes' termination at a meeting held on January 25, 1994, when a motion to reinstate Mayes died for lack of a second. In its postsubmission brief, the City contends that it ratified Mayes' termination at its February 8, 1994, meeting when the city council voted to approve the minutes of its January 20 meeting and to deny Mayes' appeal of his termination. The law is clear that a governmental body may not ratify its prior illegal acts. *Lower Colorado River Authority v. City of San Marcos,* 523 S.W.2d 641 (Tex.1975); see also *Fielding v. Anderson,* 911 S.W.2d 858 (Tex.App.—Eastland, 1995, motion for rehearing pending) (not yet reported); *Ferris v. Texas Board of Chiropractic Examiners,* 808 S.W.2d 514 (Tex.App.—Austin 1991, writ den'd).

■ Finally, the City argues that Mayes' action was barred because he failed to give the City proper notice of suit as required by its charter. Article XIV, section 6 of the De Leon City Charter states that the City is not

liable for any claim for damages to any person or property unless the City is given written notice of the claim within 90 days from the time that the damages were inflicted. Mayes did not give such notice within 90 days. Citing Article XIV of its charter and TEX.REV.CIV.STAT. art. 1175(6),[2] the City urges that its notice provision applies to all claims for damages for liability. The charter and the statute relate only to claims for liability for damages to person or property. Mayes' suit was not a claim for damages to person or property and was, therefore, not controlled by the provisions cited by the City.

The City failed to disprove an element of Mayes' cause of action or to establish a defense as a matter of law. Consequently, the trial court erred in granting summary judgment for the City. The second point of error is sustained.

Mayes also argues that the trial court erred in denying his motion for partial summary judgment seeking a declaration that the City violated the Open Meetings Act on January 20 when the city council considered matters relating to Mayes and his employment in executive session and terminated his employment without giving adequate notice to the public. Because the City failed to comply with the notice requirements of the Open Meetings Act and because the various defenses urged by the City are without merit, we agree and sustain the first point.

■■■ Ordinarily, rendition is only an appropriate remedy when both sides move for a final summary judgment and the trial court grants one motion and denies the other. *Members Mutual Insurance Company v. Hermann Hospital*, 664 S.W.2d 325 (Tex. 1984); *Ackermann v. Vordenbaum*, 403 S.W.2d 362 (Tex.1966); *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958). In that situation, the appellate court should render judgment for the party whose motion should have been granted. Members Mutual Insurance Company v. Hermann Hospital, supra. However, rendition is also the appropriate remedy where, as in this case, the trial court granted a motion for final summary judg-

ment and denied a motion for partial summary judgment based solely on a request for declaratory relief on a liability issue. *Bowman v. Lumberton Independent School District*, 801 S.W.2d 883 (Tex.1990).

The judgment of the trial court is reversed, and judgment is rendered that the City of De Leon, Texas, violated the Texas Open Meetings Act on January 20, 1994. The remaining issues are remanded to the trial court for a trial on the merits.

## ON MOTION FOR REHEARING

In its motion for rehearing, the City renews its argument that it ratified Mayes' termination at the February 8 meeting when the council voted to approve the minutes of the January 20 meeting and voted to deny Mayes' appeal of his termination. Since it had the legal right to terminate Mayes, the City argues that it could subsequently ratify his termination.

■■■ A prior action taken in violation of the Open Meetings Act may not be retroactively ratified. *Lower Colorado River Authority v. City of San Marcos, supra; Dallas County Flood Control District No. 1 v. Cross*, 815 S.W.2d 271, 283 (Tex.App.—Dallas 1991, writ den'd). Assuming proper notice under the Act, the governing body may of course vote to take the same action as it originally intended to do at the prior meeting. However, that action may not be given retroactive effect. *Lower Colorado River Authority v. City of San Marcos, supra* at 647; *Fielding v. Anderson, supra.* The De Leon city council did not vote to terminate Mayes at its February 8 meeting. Instead, the City voted to approve the minutes of its January 20 meeting and voted to deny Mayes his appeal from that termination. We conclude that this was an invalid effort to retroactively ratify its improper January 20 termination. See *Porth v. Morgan*, 622 S.W.2d 470, 476 (Tex.App.—Tyler 1981, writ ref'd n.r.e.).

2. Now codified as Tex.Local Gov't Code Ann. § 51.077 (Vernon 1988).

We have examined the Open Meetings Act cases upon which the City relies.[1] These cases are not inconsistent with our opinion.

The City of De Leon's motion for rehearing is overruled.

---

**1.** These include *Smith County v. Thornton*, 726 S.W.2d 2, 3 (Tex.1986); *Lower Colorado River Authority v. City of San Marcos, supra; Dallas County Flood Control District No. 1 v. Cross, supra; City of Bells v. Greater Texoma Utility Authority*, 790 S.W.2d 6, 11 (Tex.App.—Dallas 1990, writ den'd); and *Fausett v. King*, 470 S.W.2d 770, 773 (Tex.Civ.App.—El Paso 1971, no writ).