Markowski-B et al v. City of Marlin 









WITHDRAWN BY ORDER
1-22-97





IN THE
TENTH COURT OF APPEALS
 

No. 10-95-317-CV

        BEN MARKOWSKI, ET AL.,
                                                                                       Appellants
        v.

        THE CITY OF MARLIN,
                                                                                       Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # 31,278
                                                                                                    

O P I N I O N
                                                                                                    

          Ben Markowski, the Marlin Fire Chief, and Herschel Bolden, the Captain of the Fire
Department, sued the City of Marlin for violating the Texas Open Meetings Act. See Tex. Gov't
Code Ann. §§ 551.001-.146 (Vernon 1994 & Supp. 1996). In a bench trial, the judge found that
the City of Marlin (city) had complied with the Open Meetings Act (the Act) and rendered
judgment in the city's favor. Markowski and Bolden appeal on eight points. They allege that the
court erred in: 
          •        denying their motion for judgment because they established as a matter of law that
the city had violated the Texas Open Meetings Act; 
          •        finding that the city had not violated the Open Meetings Act on April 16, 1993, and
April 22, 1993; 
          •        finding that the attorney-client privilege applied to the April 22 meeting; 
          •        relying on evidence that was not properly admitted and heard outside the presence
of Appellants and their attorney; 
          •        finding that Appellants failed to exhaust their remedies;
          •        finding Appellants failed to mitigate damages; and 
          •        finding that Appellants were not entitled to be reinstated or awarded back pay,
benefits, attorneys fees, and pre- and post-judgment interest as a matter of law. 
We will affirm the judgment.
BACKGROUND
          This controversy arose when Jackie Keggins, a fire fighter, complained to the Marlin City
Council (council) about racial discrimination in the fire department. On April 16, 1993, the
council met and, in an executive session, heard Keggins' complaints. Keggins accused Ben
Markowski, the Fire Chief, and Herschel Bolden, the Fire Captain, of being primarily responsible
for the racial discrimination in the department. As a result, the council immediately suspended
Markowski and Bolden without pay. 
          On April 19, the city posted a notice that an executive session of the council would be held
on April 22 to consider what further action to take on Markowski's and Bolden's suspensions. 
Markowski and Bolden then filed suit asserting a violation of the Act on April 16 and requested
that any action taken during the April 22 meeting be taken in open session. The city responded
by posting a notice of an emergency meeting which would be held on April 22 to discuss the
lawsuit. The council met on April 22 in open session and announced that it was going into closed
session to discuss the lawsuit. After concluding the closed session, the council reconvened in open
session. During that open session, the council modified its decision to suspend Markowski and
Bolden, changing it to suspensions with pay. The council also allowed Markowski's and Bolden's
attorney to make a statement concerning the charges against them. After hearing the statement,
the council asked if Markowski and Bolden wanted to present any witnesses. They did not present
any witnesses, and their attorney stated that they "planned to be at the courthouse." The council
then terminated Markowski and Bolden. 
          After being terminated, Markowski and Bolden continued their suit against the city. 
Because their petition alleged causes of action under federal statutes, the city removed their claims
to the United States District Court. The federal district court resolved most of the claims against
them and remanded their remaining claims of violations of the Act to state district court. The state
court initially entered a partial summary judgment, ruling that the Act had been violated, and
scheduled a hearing on the question of damages. After the later hearing, the court reversed itself,
found that the Act had not been violated, set aside its partial summary judgment, and entered
judgment that Markowski and Bolden take nothing. 
          Appellants are before us asserting that the record conclusively shows that: (1) the city
council violated the Act; (2) they conclusively established their damages; and (3) we should
reverse the judgment and render judgment in their favor. They do not assert that the evidence is
factually insufficient to support the court's findings; thus, they are asking for an "all or nothing"
ruling by this court.
          During the final hearing, the court allowed the city, over objection, to present testimony
of the city's attorney of record about the privileged nature of matters discussed during the
executive session held on April 22. The court also allowed the city to present, in-camera, a tape
recording of the executive session, which the court reviewed and used in formulating its ruling that
the city did not violate the Act. Although they acknowledge that a court may review such a
recording under some circumstances, Appellants assert that the use of the tape recording "as
evidence" violated the rules of evidence and notions of fair play under the due-process clause of
the federal constitution. Because of our view of the proper way to resolve the appeal, we will
assume the court erred in both respects, and we will not consider either the testimony of the city's
lawyer or the tape recording as part of the evidence that we will review. 
STANDARD OF REVIEW
          Appellants have challenged the trial court's findings of fact on legal insufficiency grounds. 
They are attacking adverse findings of fact on which they had the burden of proof. When the
party who had the burden of proof on an issue receives a negative finding, the adverse finding
represents a refusal to find the fact from a preponderance of the evidence. Sterner v. Marathon
Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). Consequently, when reviewing an adverse finding
upon which the appealing party has the burden of proof, the court will employ a two-part test to
determine whether the fact has been established as a matter of law. Id.; Buzbee v. Buzbee, 870
S.W.2d 335, 339 (Tex. App.─Waco 1994, no writ). The court will review the record for evidence
that supports the adverse finding, ignoring all evidence to the contrary. Sterner, 767 S.W.2d at
690; Buzbee 870 S.W.2d at 339. If evidence supports the negative answer, the inquiry ends. See
id. However, if the court finds no evidence to support the negative answer, then the entire record
must be examined to ascertain whether the contrary proposition is established as a matter of law. 
Id. The point of error will be sustained only if the contrary proposition is established as a matter
of law. See id.
TEXAS OPEN MEETINGS ACT
          In their first three points, the Appellants complain that the trial court erred in refusing to
grant plaintiff's motion for judgment and refusing to find that the defendant violated the Open
Meetings Act because the evidence established the violation as a matter of law. The Act mandates
that "every regular, special, or called meeting of a governmental body shall be open to the public,
except as provided by this subchapter." Tex. Gov't Code Ann. § 551.002 (Vernon 1994). The
Act promotes "openness at every stage of [a governing body's] deliberations." Acker v. Texas
Water Comm'n, 790 S.W.2d 299, 300 (Tex. 1990). This openness allows the public to have
access to government meetings and "increase [its] knowledge of government decisionmaking." 
San Antonio v. Fourth Court of Appeals, 820 S.W.2d 762, 765 (Tex. 1991). The Act provides
a few very limited exceptions to this general policy of openness. Acker, 790 S.W.2d at 300; Cox
Enter., Inc. v. Board of Trustees, 706 S.W.2d 956, 958 (Tex. 1986). The Supreme Court has
demanded "exact and literal compliance with the terms of the statute." Acker, 790 S.W.2d at 300. 
          Appellants argue in point three that the city violated the Act on April 22. They contend
that the emergency notice concerning the April 22 executive session did not comply with the Act. 
Generally, the Act requires that all notices of any meeting of a governing body be posted for at
least 72 hours before the scheduled time of the meeting. Tex. Gov't Code Ann. § 551.043
(Vernon 1994). However, if an emergency arises, then the notice must be posted at least two
hours before the meeting. Id. § 551.045(a) (Vernon 1994). To qualify as an emergency or urgent
public necessity, an imminent threat to public health and safety or a reasonably unforeseeable
situation which requires immediate action must exist. Id. § 551.045(b). The emergency notice
must "clearly identify the emergency or urgent public necessity." Id. § 551.045(c). A notice can
be invalidated if it does not clearly identify the emergency or an actual emergency does not exist. 
See Piazza v. City of Granger, 909 S.W.2d 529, 533 (Tex. App.─Austin 1995, no writ). 
          Appellants assert that the second notice of the April 22 meeting did not describe an
emergency or a matter of public necessity. They cite Piazza in support of their contention that the
notice did not sufficiently identify the emergency. Id. In Piazza, the notice in question stated that
an emergency meeting was being held because the council lacked confidence in one of its police
officers. Id. The court determined that `lack of confidence' in a police officer, without further
detail, [did] not clearly identify an emergency or urgent public necessity . . . ." Id. The Austin
Court further explained that "the development of a `lack of confidence' in a police officer by a
governing body is a foreseeable situation, so foreseeable, in fact, that the Local Government Code
specifically provides that a police officer may be terminated for that very reason." Piazza, 909
S.W.2d at 533 (citing Tex. Loc. Gov't Code Ann. § 22.077(b) (Vernon 1988)). As a
consequence, the improper notice voided the council's termination of the police officer. Id. at
535. 
          This case is distinguishable from Piazza. In Piazza, it was unclear what the notice meant
by lack of confidence in the officer and why that was an emergency. Here, the notice clearly
identifies an emergency. The emergency notice posted by the city specifically states that a closed
meeting was to be held so that the council could obtain legal advice from its attorney concerning
what action should be taken on the suit filed by Markowski and Bolden. The city council found
itself in the unexpected situation of being sued the day before a public hearing was to be held. It
is apparent from the notice that the need for information about how to deal with this lawsuit is the
emergency; thus, no further detail or explanation is required. In fact, requiring the city to give
a more detailed notice would defeat the purpose of section 551.071 because mandating more
explanation in the notice would interfere with the confidentiality of these private legal
consultations, which the legislature has specifically sanctioned. See Lone Star Greyhound Park
v. Racing Comm'n, 863 S.W.2d 742, 747 (Tex. App.─Austin 1993, writ denied). Consequently,
Appellants' contentions about the adequacy of the emergency closed session's notice must fail.
          Next, Appellants argue that receipt of a lawsuit does not constitute an emergency, citing
an Attorney General Opinion JM-1037. In the opinion, the attorney general stated that hiring a
lawyer and determining if the members of the council could be indemnified was not an emergency,
especially in view of the fact that the city still had twenty days to file an answer. Thus, the
seventy-two hour notice was required rather than the two hour emergency notice. Here,
Appellants unexpectedly filed their lawsuit the day before a meeting, which they requested be
open, was to be held. Consequently, this unforeseeable action by Appellants placed the council
in a position of needing immediate advice from counsel because the council's actions at the public
hearing could directly affect the lawsuit. 
          Appellants also assert that the council improperly heard charges against them in violation
of section 551.074 when it met with its attorney in closed session. Section 551.074 of the Act
allows a closed meeting so that a governing body can "deliberate the appointment, employment,
evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee" or "hear
a complaint or charge against an officer or employee." Tex. Gov't Code Ann. § 551.074
(Vernon 1994). However, if the officer or employee requests a public hearing, the governing
body is required to hold an open meeting. Id. The Act also provides that a governing body can
privately consult with its attorney on pending or contemplated litigation or a settlement offer or
"on a matter in which the duty of the attorney to the governmental body under the Texas
Disciplinary Rules of Professional Conduct of the State Bar of Texas clearly conflicts with this
chapter." Id. § 551.071 (Vernon 1994). The question in this case is how to reconcile these two
provisions. 
          The court found that the council and its attorney discussed the charges or complaints
against Appellants in the closed session. However, since the suit necessarily involved the
allegations and charges against Appellants, those allegations would naturally be discussed in the
council's meeting with its attorney. Thus, we hold that when the pending or contemplated lawsuit
involves charges or complaints about an officer or employee, it is permissible for the council to
discuss those charges with its attorney as long as the discussion relates to the lawsuit. 
Additionally, although we do not consider the contents of the tape recording of the executive
session as evidence, we can consider the court's finding that no final decision was made in the
executive session. See id. § 551.104(b) (Vernon 1994). In fact, after this closed meeting, the
council met again in open session and gave Appellants an opportunity to speak concerning the
charges made against them, as they had requested. Appellants' counsel made a statement but
declined the council's offer to present witnesses who would testify on their behalf. Instead,
Appellants' attorney only stated that they "planned to be at the courthouse." The council then
asked if any one at the meeting wanted to speak on Markowski's and Bolden's behalf. After
hearing one witness speak for the Appellants, the council voted in open session to terminate them. 
 Thus, the record supports the court's finding that the council's closed session with its attorney
was proper. See Sterner, 767 S.W.2d at 690. Because the council voted to terminate Appellants
at an open meeting, the court properly found that no violation of the Act occurred. Finding some
evidence in support of the finding, the inquiry ends. See id. Point three is overruled.  
          In point two, Appellants challenge the adequacy of the notice of the April 16, 1993
meeting. They contend that the April 16 notice did not sufficiently inform the public that action
might be taken against them. Notice is sufficient if "it would alert a reader to the fact that some
action" would be taken on a certain topic. Lower Colorado River Auth. v. City of San Marcos,
523 S.W.2d 641, 646 (Tex. 1975); see also Rettberg v. Texas Dep't of Health, 873 S.W.2d 408,
411 (Tex. App.─Austin 1994, no writ). The members of the interested public are the "intended
beneficiaries of the Act," and as long as the public is informed, the purpose of the Open Meetings
Act is fulfilled. San Antonio, 820 S.W.2d at 765. It is irrelevant whether the individuals most
likely to be affected are given notice. Id. To determine if the notice sufficiently informs the
public of the topic under discussion, the court will focus its analysis on comparing the content of
the notice given and the action taken at the meeting. Rettberg, 873 S.W.2d at 412; Point Isabel
Indep. Sch. Dist. v. Hinojosa, 797 S.W.2d 176, 180 (Tex. App.─Corpus Christi 1990, writ
denied). In addition, the notice must be more specific if the public has a special interest in the
topic under discussion. Cox Enter. v. Board of Trustees Indep. Sch. Dist., 706 S.W.2d 956, 959
(Tex. 1986); Mayes v. City of De Leon, 922 S.W.2d 200, 203 (Tex. App.─Eastland 1996, no
writ). 
          The question in this case is whether the notice sufficiently informed the public that some
action was to be taken with regard to Markowski and Bolden. The notice of the April 16 meeting
states the following:
EXECUTIVE SESSION: In accordance with VACTS, Article 6252-17, Sec. 2(g)
Personnel
A. Grievance of Firefighter Keggins.
Action if any to be taken on grievance of firefighter Keggins. 
The notice was inadequate. Not only did the public have a special interest in jobs of the Fire Chief
and the Fire Captain, but the notice did not even inform the public that charges were being made
against them. See Mayes, 922 S.W.2d at 203 (holding that the job of a police chief was of special
interest to the public because of "the broad contact with the public that those duties involve"). 
Since the notice of the April 16 meeting was not sufficient, the action taken to suspend them
without pay was invalid. 
          Although we find that the action taken at the meeting on April 16 violated the Open
Meetings Act, the record shows that the council corrected their invalid action at the April 22 
meeting. Action undertaken at an invalid meeting can be ratified at a later valid meeting as long
as there is no retroactive effect. Lower Colorado River Auth., 523 S.W.2d at 646-47 (concluding
that ratification of an invalid action cannot have retroactive effect); City of Bells v. Greater
Texoma Utilities Auth., 790 S.W.2d 6, 11 (Tex. App.─Dallas 1990, writ denied) (upholding the
Utilities' action which re-authorized an earlier invalid action). Appellants were suspended without
pay at the April 16 meeting. At the April 22 meeting, the council modified its decision and
suspended them with pay. So in essence, Appellants have no damages because the council
remedied its invalid action of April 16 by changing to suspensions with pay. See City of Bells,
790 S.W.2d at 11. Point two is overruled. Although the action taken at the April 16 meeting
violated the Open Meetings Act, the record supports the trial court's finding that the April 22
revision of the earlier act and the termination of Appellants' employment complied with the Act. 
See Sterner, 767 S.W.2d at 690. Thus, the Appellants are not entitled to judgment. We overrule
point one. 
ATTORNEY-CLIENT PRIVILEGE
          Appellants' fourth point asserts that no evidence supports the trial court's finding that the
attorney-client privilege applied to the council's discussion of the charges and complaints against
them. Rule 503 of the Rules of Evidence protects confidential information exchanged between an
attorney and client from disclosure. See Tex. R. Civ. Evid. 503. The attorney-client privilege
is an important privilege whose purpose is to promote "unrestrained communication and contact
between an attorney and client in all matters in which the attorney's professional advice or services
are sought, without fear that these confidential communications will be disclosed by the attorney,
voluntarily or involuntarily, in any proceeding." West v. Solito, 563 S.W.2d 240, 245 (Tex.
1978). Under Texas Rule of Civil Evidence 503, a public or private entity is considered a client. 
Tex. R. Civ. Evid. 503. Thus, it follows that a governmental body has as much right as an
individual to consult with its attorney without risking the disclosure of important confidential
information. The legislature obviously had this purpose in mind when it enacted section 551.071
which allows a governing body to privately consult with its attorney about pending or
contemplated litigation. See Tex. Gov't Code Ann. § 551.071. Since a governing body can
consult privately with its attorney, logic dictates that the information discussed at that meeting
should be protected by the attorney-client privilege. However, the party asserting the privilege
has the burden of proving that the attorney-client privilege applies. See Peeples v. Fourth Supreme
Judicial Dist., 701 S.W.2d 635, 637 (Tex. 1985) (in the discovery context). Sometimes the only
way to prove the privilege is through an in-camera inspection of the privileged documents or other
materials. See Weisel Enter., Inc. v. Curry, 718 S.W.2d 56, 58 (Tex. 1986); Kavanaugh v.
Perkins, 838 S.W.2d 616, 620 (Tex. App.─Dallas 1992, orig. proceeding). 
          In the instant case, the city produced the tape of the closed session for an in-camera
inspection by the trial judge for the purpose of proving that the attorney-client privilege applied. 
Upon reviewing the tape, the trial judge found that the attorney-client privilege applied to the
discussion in the closed session. Since an in-camera inspection demonstrates that the attorney-client privilege applies, the trial judge properly found that the privilege protected the discussion. 
Point four is overruled. 
          Appellants' point five argues in the alternative that even if the testimony of the city's
attorney and the tape of the April 22 closed session are evidence supporting the attorney-client
privilege, the trial judge could not base his decision on that evidence because due process requires
that they have the opportunity to hear the tape, to test the tape by cross-examination, and to call
witnesses in rebuttal. We disagree. When a trial court is determining whether the attorney-client
privilege applies, the court can examine privileged materials in-camera. See id. Additionally, the
legislature specifically included a provision in the Open Meetings Act which permits a trial court
to make an in-camera inspection of tapes of closed sessions or other certified agenda and admit
the tapes or other certified agenda into evidence. See Tex. Gov't Code Ann. § 551.104(b). 
Even assuming that the testimony of the attorney was improperly admitted, the trial judge had the
authority to make an in-camera inspection of the tape and base his findings on it. We overrule
point five.
           In points six and seven, Appellants argue that they are not required to exhaust grievance
proceedings or mitigate damages because those are not controlling issues in a suit alleging Open
Meetings Act violations. Because we have held that the record supports the court's determination
that the city properly terminated the Appellants in compliance with the Open Meetings Act, we
do not reach the question of whether they should have exhausted grievance proceedings or
mitigated damages. 
          Appellants' point eight asserts that if this court finds that the city violated the Open
Meetings Act, then they should be reinstated and awarded back pay, attorneys fees, and interest. 
Having sustained the court's finding that the Act was not violated on April 22, we overrule point
eight. 
          CONCLUSION
          We conclude that Markowski's and Bolden's legal sufficiency challenges must fail. They
are not entitled to judgment as matter of law; therefore, we affirm the judgment. 


                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 20, 1996
Publish
WITHDRAWN BY ORDER 1-22-97