

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 21, 2005

The Honorable Norma Chávez, Chair
Committee on Border and International Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768

Opinion No. GA-0368

Re: Whether a civil service commission may authorize retroactive salary increases for municipal employees   (RQ-0339-GA)

Dear Representative Chávez:

You have asked whether the Socorro Civil Service Commission may grant a retroactive pay rate increase to municipal employees effective from the date of their last evaluation.[1] An opinion from the Interim City Attorney of Socorro attached to your letter concludes that the pay increases would be impermissible under the Texas Constitution.

Article III, section 53 of the Texas Constitution states:

> The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part . . . .

TEX. CONST. art. III, § 53. The purpose of this provision ("section 53") is to prevent "counties or municipalities from freely giving away the public moneys for services previously rendered or for which no valid legal authorization existed for which the public would receive no return." *Id.* interp. commentary (Vernon 1997). Section 53 prohibits local governments from granting retroactive pay raises to employees. *Fausett v. King,* 470 S.W.2d 770, 774 (Tex. Civ. App.–El Paso 1971, no writ) (holding that a salary increase delayed for one month in order to meet a public hearing requirement could not be made retroactive); *Pierson v. Galveston County,* 131 S.W.2d 27, 29 (Tex. Civ. App.–Austin 1939, no writ) (commissioners court could not "retrospectively" approve a salary increase for a deputy employed by a justice of the peace); Tex. Att'y Gen. Op. No. JM-1113 (1989) at 2 (county may not make salary increases for county employees retroactive).

---

[1]*See* Letter from Honorable Norma Chávez, Chair, Committee on Border and International Affairs, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General, at 1 (April 25, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

However, section 53 prohibits only the granting of "extra compensation" to an employee. Compensation is "extra" if it is "in addition to that allowed by law or contract." *Dallas County v. Lively*, 167 S.W. 219, 220 (Tex. 1914); Tex. Att'y Gen. Op. No. GA-0322 (2005) at 5. For example, section 53 does not prohibit the award of back pay where a city pays civil service employees less than required by statute. *See City of Wichita Falls v. Cox*, 300 S.W.2d 317, 321 (Tex. Civ. App.–Fort Worth 1957, writ ref'd n.r.e.). Similarly, where compensation under an employment contract is reduced due to emergency spending cuts, the restoration of those cuts is not extra compensation. *See Taxpayers' Ass'n v. Houston Indep. Sch. Dist.*, 81 S.W.2d 815, 819 (Tex. Civ. App.–Galveston 1935, writ dism'd). More important for our purposes, section 53 does not prohibit terms of employment that tie compensation to performance. For instance, bonuses are permissible where a bonus plan has been approved as part of compensation before the rendering of services. *See* Tex. Att'y Gen. Op. No. JC-0376 (2001) at 2 (citing Tex. Att'y Gen. Op. No. JM-1253 (1990) at 2-3).

A city policy could authorize pay raises in the event of a high evaluation – for example, over a certain score – and provide that the increases start from the evaluation date. The raises would not be "extra compensation" because they would be a term of employee compensation in place before the employee rendered services. This does not appear to be the case in the present situation, however. We are informed by the interim city attorney that an evaluation constitutes only a "recommendation" for a pay rate increase. It "is not to be considered as the granting" of a pay raise. Request Letter, *supra* note 1, at 4. He further states that the "only authority that may grant a pay raise is the City Council." *Id.* at 4; *see also* SOCORRO, TEX., CITY CHARTER, art. XI, § 11.4-4 (2001) ("[m]erit increases shall be subject to the availability of funds under the City Budget"). We defer to the interim city attorney's authority as a city officer to construe the charter. *See* Tex. Att'y Gen. Op. Nos. GA-0226 (2004) at 3; GA-0130 (2003) at 3; JM-846 (1988) at 1.

Certainly, the Socorro Civil Service Commission may recommend pay raises for meritorious employees to be applied prospectively. Section 53 does not prevent the adjustment of salaries or benefits at any time, as long as the changes are applied to future services rendered. *See* Tex. Att'y. Gen. Op. No. JM-1160 (1990) at 1-2 (grant of additional sick leave does not violate section 53 because compensation for county employees may be set at any time). The raises would need to be approved by the City Council to become effective. We have further noted that section 53 would not prohibit the restructuring of employment to tie compensation to performance, perhaps through a bonus.

In conclusion, the City of Socorro may not grant a retroactive pay rate increase to municipal employees without violating article III, section 53 of the Texas Constitution.

### S U M M A R Y

Article III, section 53 of the Texas Constitution prohibits the Socorro Civil Service Commission from granting a pay increase to municipal employees effective from the date of their last evaluation, unless a policy for such pay increase was already in existence prior to the evaluation.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee